**No. 2,539.**

ELI MAYO, APPELLANT *v.* TIM FOLEY, RESPONDENT.

</div>

PURCHASER AT SHERIFF'S SALE.—EVIDENCE OF TITLE.—In order to establish in the purchaser of real estate at Sheriff's sale such title as the defendant in execution had, it is sufficient to show a judgment of a Court of competent jurisdiction (no matter if it be erroneous on its face), valid process issued to the Sheriff therein, and a Sheriff's deed made upon a sale thereunder.

JUDGMENT OF COURT OF COMPETENT JURISDICTION.—NOT ASSAILABLE IN COL-
LATERAL ACTION.—The decree of a Court of competent jurisdiction, for
the sale of lands alleged to be delinquent in the payment of taxes, is con-
clusive on the owner, and on the premises, of the truth of the matters
adjudged, and no mere collateral inquiry can be allowed on that point.

APPEAL from the District Court of the Sixth District,
Sacramento County.

Action for the recovery of certain real estate, situate in
the city of Sacramento. Judgment was for defendant.
Plaintiff moved for a new trial, which was denied, and he
appealed.

The other facts are stated in the opinion.

*P. Dunlap,* for Appellant.

*First*—The judgment in the case of the *People etc.* v. *Tim
Foley et al.,* given in evidence by plaintiff, was valid, both
as against the defendant and the real estate and improve-
ments, and comes within the rule laid down in *Hahn* v. *Kelly*
(34 Cal. 402), and cannot be impeached in a collateral
action. *(Reily* v. *Lancaster,* 39 Cal. 354; *Eitel* v. *Foote,* Id.
439.)

*Second*—The Court erred in holding that the sale by the
Sheriff to plaintiff was void. *(Gillis* v. *Barnett,* 38 Cal. 393.)

*Severance & Smith,* for Respondent.

The decree in the case of *The People etc.* v. *Tim Foley
et al.,* shows upon its face that it was void so far as it affected
the real estate, since it directed the sale of the several lots
for the aggregate tax upon all; hence it does not come with-
in the rule announced in *Hahn* v. *Kelly, Reily* v. *Lancaster,*
or *Eitel* v. *Foote.* (General Laws-Cal., Hittel, sec.-6,169.)

WALLACE, J., delivered the opinion-of the Court,-RHODES,
C. J., CROCKETT, J., and TEMPLE, J., concurring:

To establish title in himself to the demanded premises
the plaintiff offered in evidence at the trial certain judicial
records, by which it appeared that the people regularly in-
stituted an action against the defendant, Foley, and also the
demanded premises themselves, for the recovery of certain

delinquent taxes, and that Foley and the real estate were regularly served with process in the action; that a general default was made, and it was by the Court, thereupon, adjudged and determined that the alleged taxes had been duly and properly assessed, and were then delinquent; and the premises were directed to be sold by the Sheriff of Sacramento County, to satisfy the judgment and all costs.   The sale was made by the Sheriff in substantial pursuance of the decree, and the plaintiff became the purchaser at the sale, and ultimately received the Sheriff's deed of the premises.

These records were, however, excluded by the Court below, upon the objection made by the defendant that it appeared therefrom that the original assessment was void, and because the decree itself was void, in that it directed the several lots to be sold together for the aggregate amount of taxes upon all of them, instead of directing each lot to be separately sold for the tax due upon each.

The Court below erred in excluding the evidence upon that ground.

If the sale had been, in fact, made upon an alleged assessment for taxes and a subsequent delinquency in their payment, the purchaser at such sale would have been bound to maintain the legal validity of the assessment in the first instance, and of all proceedings thereafter had, through which he claimed to have derived title to the premises.  But the sale here was had pursuant to the decree of a Court of competent jurisdiction, entered in due form of law, and after the requisite service of process had been made.   It is true that the decree itself was entered because of the alleged delinquency in the payment of the tax, to the regularity in the levy, of which objection is now sought to be made.

But the legality of the assessment in the first instance, and the fact of the delinquency in its payment, were the very questions made in the suit which resulted in the decree itself, and it was directly determined and adjudged therein that these taxes were legally levied and were due and unpaid.

This is conclusive alike upon Foley and the premises, of the truth of the matters so adjudged, until the decree shall

be in some way reversed or set aside by direct proceedings had for that purpose.

That no mere collateral inquiry upon this point can be allowed, however, is too well settled to require argument or illustration to maintain. The purchaser of real estate at a Sheriff's sale, in order to establish in himself such title as the defendant in execution had, is only held to show a judgment of a Court of competent jurisdiction (no matter if it be erroneous on its face), valid process issued to the Sheriff therein, and a Sheriff's deed, made upon a sale thereunder. These matters sufficiently appeared by the evidence offered, and that evidence should have been admitted.

Judgment and order denying a new trial reversed, and cause remanded.

SPRAGUE, J., expressed no opinion.