[No. 3,578.]

## RICHARD JONES *v.* JAMES GILLIS.

45  541
137  203

DEFENSE IN EJECTMENT ON SHERIFF'S DEED.—The defendant cannot, in ejectment, for the purpose of defeating title acquired by a Sheriff's deed executed under a sale made on a judgment foreclosing a lien for taxes, avail himself of defects in the assessment roll, of which the purchaser had no notice when he purchased, and which, if they had been shown in the tax suit, would have defeated a recovery.

JUDICIAL SALES.—The principles applicable in other judicial sales are applicable to sales under judgments enforcing liens for taxes.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The facts are stated in the opinion.

*John Heard*, for Appellant.

No valuation was placed on the lot for the tax, and no tax could be levied against it. (*Hurlbutt* v. *Butenop*, 27 Cal. 50;

*Brayley* v. *Seaman,* 30 Cal. 610 ; *People* v. *S. F. Savings Union,* 31 Cal. 132.)

*P. Dunlap,* for Respondent.

The purchaser at the Sheriff's sale had no notice of any defects in the assessment. (*Reeves* v. *Kennedy,* 43 Cal. 643.)

By the Court, BELCHER, J.:

This action is ejectment for a lot in the City of Sacramento. The plaintiff claims title to the lot under a sale and deed made by the Sheriff in pursuance of a decree of the District Court foreclosing a tax lien and directing its sale. The defendant became the owner of the lot in 1857, and has ever since occupied it by himself and tenants. In 1864 it was assessed by the Assessor for the City and County of Sacramento to unknown owners, but the assessment roll contained no word or character of any kind showing what the figures placed in the column headed " Value of Real Estate," " Total Value," and " Total Tax," were intended to represent. In 1865 the District Attorney commenced an action to foreclose the lien of the State and county taxes, which were alleged to be delinquent for the year 1864, and made John Doe, Richard Roe, and the lot defendants. Service was made by posting a copy of the summons at the Court House, and publishing a notice in a newspaper published in the county for eight weeks, in accordance with the Act of March 24th, 1864. (Stats. 1863–4, p. 235.) A decree was thereafter rendered against all the defendants by default for the supposed delinquent taxes and costs of suit, in which the Court found, among other things, that all the taxes sued for in the complaint were legally levied and assessed. Under this decree the plaintiff's grantor became the purchaser of the lot, having no knowledge or information at the time of any errors or defects in the assessment roll.

The Court below rendered judgment for the plaintiff, and the appeal is upon the judgment roll.

It is insisted by the appellant, as we understand it, that because he was not made a party to the tax suit, and the summons was not personally served on him, he may now in this action, under the provisions of the forty-fifth section of the Revenue Act, avail himself of any defects in the assessment roll, which, if they had been shown, must necessarily have defeated the former action.

In *Reeve* v. *Kennedy*, 43 Cal. 643, wherein was called in question a judgment for taxes and Sheriff's sale and deed thereunder, it was claimed that the judgment was void because there was in fact no service of the summons and no appearance by the defendants, and also because the judgment was fraudulently obtained. But it was considered by the Court that the principle applicable in other cases of judicial sales was applicable there—namely, that the purchaser, without notice, under proceedings regular on their face and had in a Court of competent jurisdiction, is not affected by any mere error of the Court, for which the judgment might be reversed on appeal, nor for any secret vice in the judgment not appearing on the face of the record, and which could be made to appear only by the production of extrinsic evidence. And it was accordingly held that, for the purpose of defeating title under the Sheriff's deed, it was not competent to show in that case by proof *dehors* the record that there was in fact no service of the summons, or that the judgment was obtained by fraud. (See, also, *Mayo* v. *Foley*, 40 Cal. 281.)

We think that case decisive of this, and upon its authority the judgment is affirmed.