[No. 3,395.]

# ADOLFO STOKES *v.* G. GEDDES AND JAMES McCOY.

PURCHASER AT TAX SALE.—A purchaser of land at a tax sale, made under a judgment enforcing a lien for a tax, which judgment is regular on its face, is not affected by any matters outside the judgment of which he had no actual notice.

JUDGMENT FOR TAX.—A judgment, regular on its face, enforcing a lien for a tax, and which the Court had jurisdiction to render, will not be set aside in equity at the suit of the owner of the land taxed for irregularities in levying and assessing the tax of which the purchaser had no notice.

IDEM.—The same rule applies to the Sheriff's certificate of sale made under a sale for the tax.

ALLEGATION OF LAW IN COMPLAINT. — An allegation in a complaint in equity to set aside a judgment for a tax, that no notice was given of the proceedings or any of them which resulted in the judgment for the tax, is an allegation of law and not of fact.

APPEAL from the District Court, Eighteenth Judicial District, San Diego County.

The facts are stated in the opinion.

*Levi Chase,* for Appellant, argued that the act of the Assessor in assessing to unknown owners, when the owner was well known and lived on the land, was a fraud on the plaintiff, and that as plaintiff did not know of the tax or judgment, he was entitled to relief in equity.

*W. Jeff. Gatewood,* for Respondents, argued that the allegations in the complaint in the tax suit were sufficient, and the plaintiff could not go behind the judgment.

By the Court, CROCKETT, J.:

This is a suit in equity against the Sheriff and the purchaser at an execution sale to set aside the judgment, execution, and Sheriff's certificate of purchase in an action to

enforce the lien for delinquent taxes.   The grounds of equity set forth in the complaint are: First—That the plaintiff is the owner of the land in controversy, and resided upon and cultivated it at the time and for several years prior to the alleged assessment.   Second—That in the complaint in the tax suit the District Attorney falsely, and in fraud of plaintiff's rights, represented that the land had been duly assessed to certain unknown owners who were represented by fictitious names, whereas, in fact, the name of the real owner was well known to the Assessor and to the District Attorney. Third—"That plaintiff is informed and verily believes, and upon information and belief says that said property was not i. said Assessor then or there or at any time duly assessed as therein stated, or in any manner as required by law; and that plaintiff was not then, nor has been at any time, liable for or in duty bound to pay said taxes, or any part thereof, and that the said real estate never was at any time or in any manner assessed or charged with said taxes, or liable therefor; that said property was not then or there or at any time, or in any manner, as required by law, assessed to unknown owners."   Fourth—That until within a few weeks before the commencement of this action the plaintiff had no notice of the pretended assessment, or of the pendency or proceedings in the tax suit, and on information and belief he avers "that no notice was given of said proceedings, or any of them, as required by law."   The Court having sustained a demurrer to the complaint, and the plaintiff declining to amend, final judgment was entered for the defendants, from which the plaintiff appeals.

There is no averment in the complaint that any irregularities were apparent on the face of the proceedings in the tax suit, nor that the purchaser at the sale was affected with notice of any of the extrinsic facts set up in the complaint. There is nothing to show that the Court had not jurisdiction to render the judgment subjecting the land to sale, and that

the proceedings were not apparently regular and valid on their face. The allegation made on fnformation and belief, "that no notice was given of said proceedings, or any of them, as required by law," is not an averment of a fact, but of a conclusion of law.

Under these circumstances the case comes fully within the ruling of this Court in the case of *Reeve* v. *Kennedy,* 43 Cal. 643, on the authority of which case the judgment is affirmed.