### REANDA, Respondent, v. FULTON et al., Appellants.

### No. 3807; August 25, 1874.

**Taxation—Misnomer.**—A Judgment in a Tax Suit Wherein the Plaintiff is named as "The Mayor and Common Council of San Jose," instead of "The City of San Jose," is not void because of the misnomer.

**Taxation.**—A Judgment in a Tax Suit Which Subjects the Real Estate to sale for the whole tax due instead of enforcing the lien upon each parcel, as asked in the complaint, would be susceptible to appeal for error but cannot be attacked collaterally.

**Taxation.**—A Sale by the Sheriff in Execution of a Tax Judgment must be conducted according to the directions in such judgment.

**Statute of Frauds—Part Performance.**—Under a Verbal Contract for the Sale of land, payment of the purchase money is not, of itself, a sufficient part performance to take the case out of the

statute of frauds; but there must be a showing that the purchaser's continued possession was due to or influenced by the verbal contract, or that but for it he would have abandoned the premises.·

APPEAL from Twentieth Judicial District, Santa Clara County.

Moore, Laine & Leib for respondent; Houghton & Reynolds for appellants.

CROCKETT, J.—It appears from the findings that an action was commenced in the name of the "Mayor and Common Council of the City of San Jose," but on behalf of the municipal corporation of the "City of San Jose," against the defendant Fulton and certain real estate of which he was the owner, to recover delinquent taxes due to the corporation. The complaint in that action described the real estate as consisting of two separate town lots, which had been separately assessed, and the improvements on one of which were also assessed separately. There was likewise a small sum due from Fulton for a tax on personal property. The prayer was for a personal judgment against Fulton and for a several judgment against each parcel of the real estate and the improvements for the tax assessed upon each severally. Fulton and the real estate were duly served with process but made default, and a judgment was entered for the plaintiff against the personal defendant and the real estate for all taxes in solido and the costs. Under the order of sale which was issued, the sheriff offered the lots separately, but no bidder offering to take the whole of either lot for the taxes and costs, the two lots (which abutted on each other) were sold together to one Kennedy, who in due time obtained the sheriff's deed and subsequently conveyed to the plaintiff. It further appears that the real purchaser at the sale was D. M. Delmas, an attorney at law, for whom Kennedy held the legal title in trust.

During all this time Fulton was in the open, exclusive and adverse possession of the lots, claiming title thereto, and after Kennedy obtained the sheriff's deed, and whilst Fulton was so in possession, a verbal agreement was entered into between Delmas and Fulton, whereby the former agreed, in consideration of the sum of eighty-five dollars, to sell to the latter all the interest acquired under the sheriff's deed, and to procure

for him a conveyance of the interest then held by Kennedy in trust for Delmas.

The eighty-five dollars was paid and was accepted by Delmas in full satisfaction of the interest agreed to be conveyed, but instead of procuring the conveyance to Fulton, he caused Kennedy to convey the title to the plaintiff in this action, which is ejectment to recover the possession. It further appears that at the time of the sheriff's sale, and also at the time of the verbal agreement between Delmas and Fulton, the premises in controversy were, and yet are, of the value of three thousand dollars or more. A judgment was entered for the plaintiff, from which the defendant appeals.

The first point relied upon by the appellant is, that the judgment in the tax suit was void, because the action was brought in the name of the "Mayor and Common Council of the City of San Jose," instead of the "City of San Jose," the true corporate name. But we think this was a mere misnomer of the corporation which did not invalidate the judgment. The action was in the name of the chief executive and legislative departments of the city government, on behalf of the corporation, to recover taxes due to it in its corporate capacity. It was sufficiently plain on the face of the proceedings that the action was for the benefit of the corporation, and there was only a misnomer in an unimportant particular. Moreover, section 73 of the charter (Stats. 1865–66, p. 268) authorizes actions for certain purposes to be brought in the names of the mayor and common council, and if the court permitted them to prosecute to final judgment an action for a different purpose, it was an error which might have been corrected on appeal; but as the court had jurisdiction of the parties and of the subject matter, the judgment was not void. Nor is it void because it does not accord with the complaint, in that it subjects the real estate to sale for the whole tax due instead of enforcing the lien upon each parcel for the tax assessed upon that parcel. This error was a proper subject for appeal, but does not expose the judgment to attack in a collateral action: Reeve v. Kennedy, 43 Cal. 643; Jones v. Gillis, 45 Cal. 541; Stokes v. Geddes, 46 Cal. 17; Mayo v. Foley, 40 Cal. 281.

The point that the sheriff's sale was void because he sold both lots together instead of each separately for the tax as-

sessed upon it is not tenable. The judgment did not direct them to be so sold, and he could not go behind the judgment: Mayo v. Foley, supra. Moreover, his return shows that he offered them separately without success, and was forced to sell them both as he did, in order to raise the total amount due.

This brings us to consider the equitable defense, founded on the verbal contract of sale, followed by the payment of the purchase money. Under a verbal contract for the sale of land, it is well settled that the payment of the purchase money is not of itself a sufficient part performance to take the case out of the statute of frauds. But, if the possession be also delivered to the purchaser under the contract, and particularly if he expends his money in improving the property, on the faith of the purchase, this will be a sufficient answer to a plea of the statute. But the defendant does not come within the latter category.

It does not appear that he made any improvements after the verbal contract of purchase; and it is admitted that he was already in possession at the date of the contract and had been for a long time prior thereto, under a claim of title.

It is clear he did not acquire the possession from or through Delmas, nor under or by means of the verbal contract. But already having the possession, he continued to hold it just as he had done before. His relation to the property was in no respect changed, except that he had paid Delmas eighty-five dollars, upon a verbal promise of the latter that he would procure for him a conveyance of the title held by Kennedy under the sheriff's deed.

We understand the rule to be that in order to constitute an element in part performance, the possession of the purchaser must be referable to the contract of purchase. "To make the acts of part performance effective to take the agreement out of the statute of frauds, they must be such as cannot be referred to any other title than such an agreement as that alleged, nor have been done with any other view or design than to perform such an agreement; therefore, where a tenant in possession sued for the specific performance of an alleged agreement for a lease, and set up the possession as an act of part performance of the agreement, it was held not to be such, because it was referable to his character as tenant": Fry on Specific Performance, sec. 387, and note.

We think, however, this is a somewhat broad statement of the correct rule. That there are cases in which a purchaser in possession at the date of the contract may set up his continued possession after the contract as an act of part performance, we have no doubt. If, for example, a person be in possession as a mere intruder, without color or claim of title, and when about to abandon the possession enters into a verbal contract of purchase from the true owner, pays the purchase money, and is authorized by the vendor to continue, and does continue, in possession, under the contract, and not otherwise, we think this would be a sufficient part performance. His possession after the contract would be wholly referable to it—as much so as though he had first abandoned the possession and again entered under his purchase. "A mere continued possession by the plaintiff, he having been in possession before the contract, is not enough, unless there be declarations or circumstances ·distinctly showing that the continuity of possession is in pursuance and execution of the contract, and so by order of the parties": 3 Parsons on Contracts, 393. This we consider to be the true rule; and it is unfortunate for the defendant in a case of such apparent hardship as this that there is nothing in the record to bring his case within the rule. There is nothing to show that his continued possession after the contract was in any degree due to or influenced by the verbal agreement, nor anything to indicate that he would have abandoned the possession except for the agreement. There is an entire absence of proof of any "declarations or circumstances distinctly showing that the continuity of possession was in pursuance and execution of the contract, and so by order of the parties." It is true one of the incidents of the contract resulting by operation of law was that, as against Delmas, the defendant, without any other agreement than that contained in the contract, would have been entitled to continue in possession; and in this sense, it might be said that the continued possession was in some degree referable to the contract. But the rule of law requires something more, and that it shall be made distinctly to appear that except for the verbal contract of sale, the possession of the vendee would have ceased, or at least that the continued possession was held solely under and in virtue of the contract, and with no other "view or design than to perform

such agreement." If this be not the rule, a payment of the purchase money would of itself be a sufficient part performance by a vendee in possession under a verbal agreement to purchase an outstanding title, even though it should appear that at the time of the purchase he denied the title of the vendor, asserting a superior title in himself, and declaring that he was only purchasing his peace by quieting a vexatious and groundless claim. In such a case there would be no pretense that the continued possession was referable to the verbal agreement, or was in any degree attributable to it. It would be a contradiction in terms to say that such a possession was in "part performance" of the verbal contract.

On the contrary, it would be a possession wholly independent of and having no reference whatever to the agreement. It is clear that in such a case the payment of the purchase money would be the only act of part performance; and this has been uniformly held to be insufficient to take the case out of the statute of frauds. In principle, the case at bar cannot be distinguished from the case supposed.

The defendant was already in possession under an adverse claim of title, and whilst so asserting his title purchased from Delmas for an inconsiderable sum, greatly disproportioned to the value of the property, an outstanding claim, paid the purchase price, and continued in possession as before; there being nothing to indicate that the possession was continued in part performance of the agreement or was in any degree attributable to it.

We think there was not a sufficient part performance to take the case out of the statute of frauds, and that the judgment should be affirmed.

So ordered.

We concur: Wallace, C. J.; Niles, J.