[No. 12245.   In Bank. — January 17, 1888 ]

# F. A. HYDE, RESPONDENT, v. A. P. REDDING, APPELLANT.

ACTION TO DETERMINE ADVERSE CLAIM TO LAND — LEGAL TITLE IN PLAINTIFF — DEFENDANT IN POSSESSION. — An action to determine an adverse claim to land, under section 738 of the Code of Civil Procedure, may be maintained by the holder of the legal title against a defendant in the actual adverse possession of the premises in controversy.

ID. — JURISDICTION OF SUPERIOR COURT — JURY TRIAL. — The legislature has power to confer jurisdiction on the superior court of such an action; and conceding that the defendant therein is entitled under the constitution to a trial by jury of the legal issues so raised, such right is waived by a stipulation between the parties expressly waiving a trial by jury.

ID. — LACHES — CLOUD ON TITLE — PLAINTIFF IN POSSESSION. — A plaintiff who has been in the possession of land cannot be guilty of laches in the bringing of an action to remove a cloud, at any time before an action has been brought to disturb his possession, or to deprive him of any enjoyment of his right.

ID. — CERTIFICATE OF PURCHASE OF STATE LAND — JUDGMENT ANNULLING RIGHT OF PURCHASER — SUBSEQUENT PURCHASER. — The action was brought on the 26th of December, 1883, to determine an adverse claim to certain land. The plaintiff claims by mesne conveyances under two certificates of purchase from the state issued to one Greene on the 16th of November, 1868. The defendant claims under certificates of purchase issued by the state to his grantors on the 15th of March, 1883, and a patent issued in pursuance thereof on the 25th of February, 1884, and under a judgment which was void on its face, rendered on the 21st of November, 1872, and purporting to foreclose and annul the interest of Greene in the certificates of purchase issued to him. It did not appear that the grantors of the defendant ever had possession of the land, nor when he took possession of it or improved it. *Held*, that conceding the action should be treated merely as a bill in equity to quiet title or remove a cloud, the plaintiff had not been guilty of such laches as to deprive him of his right to equitable relief.

ID. — INVALIDITY OF JUDGMENT — ALLEGATION OF. — In an action to remove a cloud upon title, an allegation in the complaint that the judgment constituting the cloud was rendered without jurisdiction is a sufficient averment, in the absence of a demurrer, as to the invalidity of the judgment.

ID. — JUDGMENT BY DEFAULT — SERVICE BY PUBLICATION — INSUFFICIENT AFFIDAVITS OF SERVICE. — A judgment by default, rendered after an attempted service of summons by publication, is void, and may be collaterally attacked, when the affidavits of service are insufficient to authorize the entry of the judgment.

ID. — JUDGMENT ANNULLING CERTIFICATE OF PURCHASE — FILING COPY OF WITH REGISTER — SUBSEQUENT PURCHASER. — A certified copy of a judg-

ment purporting to foreclose and annul the interest of a purchaser in a certificate of purchase of state land, upon being filed with the register of the state land-office, as provided in the act of 1868, is not conclusive evidence of the validity of the judgment so as to protect subsequent purchasers from the state of the land included in the certificates.

Appeal from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Joseph D. Redding,* and *Crittenden Thornton,* for Appellant.

*Sawyer & Burnett, C. A. Storke,* and *S. W. Bouton,* for Respondent.

McKinstry, J. — This is an appeal by defendant from a judgment of the superior court in and for the county of Santa Barbara, and from an order denying a new trial. The action was brought to determine the adverse claims of the defendant to certain lands and premises situated in the said county.

The plaintiff claims under two certificates of purchase from the state of California for the land in controversy, made and issued to one W. E. Greene on the 16th of November, 1868, and by mesne assignments from said Greene to himself.

The defendant claims under two certificates of purchase made and issued to M. Wolf and George Lee, respectively, which, as alleged, became vested through certain mesne assignments in the defendant.

The particular adverse claim made by the defendant is (as stated in the complaint) under a judgment given and made by the district court of the first judicial district of the state of California, in and for the county of Santa Barbara, in a certain action brought by the people of the state of California against W. E. Greene and

others. This judgment is alleged to have been rendered without jurisdiction. It may be inferred from the language of the complaint that the judgment was one purporting to foreclose and annul the interest of Greene in the certificates of purchase above mentioned. The further allegation is made that the claim of the defendant is without right, and that the defendants have not any right, title, estate, or interest in the premises; that the certificates of purchase issued to Wolf and Lee, and by them assigned to the defendant, were unlawfully and improvidently issued, and constitute a cloud upon the plaintiff's title, etc. *Prayed,* that the defendants may set forth the nature of their several claims, that the same may be determined; that the said judgment and certificates of purchase, hereinabove referred to, may be decreed null and void; and that the defendant may be forever debarred from asserting any claim whatsoever in or to said lands and premises, and for general relief.

The answer of the defendant appealing contained: 1. A general denial; 2. A plea of two judgments, such as mentioned and referred to in the complaint, as a bar to the plaintiff's action; 3. A plea setting forth the rendition of the said judgments on November 21, 1872, and a plea of laches committed and permitted by the plaintiff in neglecting to allege or assert any rights therein until the filing of the complaint herein (which was on December 26, 1883); 4. An allegation that the defendant is the owner in fee of the premises in controversy, under patents issued by the state of California subsequent to the commencement of the action.

Upon these pleadings a trial was had. At the trial the defendant admitted that W. E. Greene made application to the state to purchase the lands in the complaint mentioned, and made the first payment required by law to be made, to wit, twenty per cent of the purchase-money and one year's interest, and no more, and re-

ceived certificates of purchase thereof. It was further admitted that the consideration for the assignment of each of the certificates mentioned was the sum of five dollars. Upon these admissions the plaintiff rested. Thereupon the defendant, to maintain the issues upon his part, introduced and offered in evidence the judgment rolls in the cases of the *People etc.* v. *W. E. Greene et al.* These judgment rolls are set forth at full length in the transcript. The judgments purport to foreclose the rights of defendants in those actions, and to annul the certificates of purchase under which such defendants claim.

The defendant further proved that copies of both of the judgments mentioned were filed in the office of the register of the state land-office prior to the purchase of the land by Wolf and Lee, the defendant's assignors; that by certain probate proceedings in the estate of B. B. Redding, deceased, and assignments, all the estate of said Redding (claimed to be derived by him from Wolf and Lee) had become vested in the defendant; that the said defendant had made valuable improvements upon the premises, to the amount and value of one thousand dollars; that he had paid taxes to the extent of one hundred dollars; that the defendant and his predecessors in interest had been in possession, and had paid all taxes levied upon said premises, and that the amount of the purchase-money and interest paid to acquire the land from the state was the sum of $1,550.

The court found according to the admissions of the parties, and in accordance with the allegations of the complainant. The superior court held in terms that the judgment alleged by the plaintiff to be void, and by the defendant to be valid, was void and of no effect.

1. It is contended by appellant that the action cannot be maintained, because, when it was commenced the defendant was in the actual adverse possession of the premises in controversy; that the plaintiff's title, if any

he has, is a legal title, on which he can recover at law in "ejectment"; and that the legislature has no power to deprive a party of his trial by jury, in cases where a jury trial was a right at the common law, by attempting to give the superior court, as a court of equity, jurisdiction of matter of purely legal cognizance.

But the superior court has jurisdiction to enforce a legal title to land, and the legislature may provide the mode in which the jurisdiction may be employed. If, in an action brought under section 738 of the Code of Civil Procedure, the plaintiff avers a legal title against a defendant in possession, the latter is perhaps entitled, under the constitution, to a trial by jury of the issue at law thus presented. But section 738 provides that the issue (which might have been the subject upon action of ejectment) may be tried in a proceeding begun under that section. That issue determined, the court—by virtue of the authority conferred by section 738 — may, in the same action, proceed to determine the adverse claims set up by the defendant, and to decree that they be quieted. If the plaintiff shall prove a right to the possession by virtue of his legal title, the further rights of the parties are to be adjudicated as if the plaintiff had been in possession at the commencement of the action. The appellant here cannot be heard to complain that the legal issue — as distinguished from the equitable issues — was not tried by jury, since a trial by jury was expressly waived by a stipulation of the parties. (Transcript, p. 22.)

The foregoing accords with what is said in *People v. Center*, 66 Cal. 561–563: "It may be said that if it appear the grantees or their assigns could not, under the acts of the legislature, acquire an equity which a court of equity can enforce, the present suit should be dismissed, because the plaintiffs had a perfect remedy at law. Under our system a defendant in an action at law to recover lands, against whom judgment has passed, cannot sub-

sequently, in a distinct suit, assert a legal right which existed when the ejectment was commenced, nor subsequently claim relief based upon an equity which was *pleaded* by cross-complaint in the ejectment. So far the judgment in favor of the plaintiff, in the action of ejectment, is conclusive of the defendant's rights. But a decree in a suit under section 738 of the Code of Civil. Procedure, that the defendant has no right, title, or interest in certain lands, would seem to be more effective as a final adjudication with respect to the rights of the parties, than would be a mere judgment for the recovery of the possession. The latter, to some extent, leaves open to be proved, by evidence *de hors* the record, *what* rights might have been asserted in the action of ejectment.

In an action under section 738 of the Code of Civil Procedure, it is not necessary to allege in the complaint the nature of the estate or interest claimed by the defendant. (*Crook* v. *Forsyth, supra.*) Until the answer comes in, it need not appear that the issues to be tried will be *legal* as distinguished from equitable issues. A proceeding by which one may compel another to expose and have adjusted the nature of the interest on which he is asserting an adverse claim against the estate of the former is one to be conducted in a court of equity. The discovery of the nature of the adverse claim precedes its adjudication.

It may be added that, strictly speaking, we have no separate courts of law and equity. Within the limits of the constitution the legislature may provide the mode by which, in particular cases, the jurisdiction of the superior court shall be employed,—may, amongst other things, prescribe the form of judgment to be entered.

Section 738 of the Code of Civil Procedure allows an action to be brought by any person against another who claims an estate or interest adverse to him. Its language is very broad. If the plaintiff is out and the de-

fendant is in possession, nevertheless the action can be maintained. So, if the plaintiff and the defendant each claims to be the owner in fee. In the last case the question who has the better right may be tried in the action in the form usually called (for want of a better name) ejectment, but it may also be tried in an action under section 738 of the code. Whether, when brought under the code, the action be called an action at law in which the statute authorizes a judgment determining the estate or interest claimed by the defendant, or be called a suit in equity to quiet the plaintiff's title against the adverse claim, the superior court has jurisdiction. If it be considered an action at law, the defendant may demand a jury, but here, as we have seen, a jury was waived. In the case at bar, the defendants, appealing, averred in their answer that they were in possession of the lands when the action was commenced. The court did not find upon that averment, and defendants do not complain of the omission. But the omission is immaterial, because the action is maintainable whether they were or were not in possession.

2. What has been said is to some extent an answer to the claim of appellant that the plaintiff was guilty of such laches as should have barred his right; that as the plaintiff sues in equity, a delay of eleven years after the entry of the judgments in *People* v. *Greene* shows such lack of diligence as should preclude him from demanding equitable relief. But if the issue first presented is one to be tried in a court of *law*, the question of laches does not arise. As to that issue the defendant must rely upon the statute of limitations, and here the statute of limitations was not pleaded, nor was an adverse possession for the statutory time proved. As to the defendant's alleged adverse claim, if plaintiff's legal right to the possession was established, the defendant's adverse claim was, as we have seen, to be tried as if the plaintiff had been in actual possession at the beginning of the action.

And where a plaintiff has been in possession of land, he cannot be guilty of laches in the bringing of a suit to remove a cloud at any time before an action has been brought to disturb his possession, or to deprive him of any enjoyment of his right. (*Liebrand* v. *Otts*, 56 Cal. 248.) The continued assertion of the adverse claim constitutes from day to day a new cause of action.

The plaintiff became the owner by assignment of the certificate of purchase issued to W. E. Greene on the twenty-second day of May, 1872. The judgments in the actions of *People* v. *Greene* were entered November 21, 1872. Certificates of purchase were issued to Wolf and Lee—from whom defendant deraigns—on the fifteenth day of March, 1883; and as appears from the supplemental complaint, they received patents February 20, 1884. It does not appear that Wolf or Lee ever had possession of the land, nor does it appear when B. B. Redding took possession of it, or when he or the appellant improved it.

Was the plaintiff guilty of such laches—even if this action be treated merely as a bill in equity to quiet title or to remove a cloud—as deprived him of the right to seek equitable relief? He waited eleven years after the judgments in *People* v. *Greene*, but only nine months elapsed after the certificate of purchase issued to Wolf and Lee. The Wolf and Lee certificates would not have constituted a cloud as against the prior certificate issued to. Greene; the patent to Wolf and Lee did not issue until after the commencement of this action. As we shall see, the judgments in *People* v. *Greene* are void on their face, and therefore constitute no cloud. Even then, if the action be treated simply as one to remove a cloud, there was no laches such as deprived the plaintiff of his right to sue.

3. It is also contended by appellant that the complaint is insufficient as a bill to remove a cloud upon title, because it does not aver the specific facts showing that the

district court had no jurisdiction to enter the judgments in *People* v. *Greene.* In support of this view, *Stokes* v. *Geddes,* 46 Cal. 17, is referred to by counsel for appellant.

In *Stokes* v. *Geddes,* there appears to have been no general allegation that the court had no power or jurisdiction to render the judgment, and no allegation of irregularity on the face of the proceedings. A demurrer was sustained to the complaint. In the case now here the complaint was not demurred to, and in the absence of demurrer, we think the averments sufficient as to the invalidity of the judgments in *People* v. *Greene.*

4. Appellant claims, however, that the judgments in *People* v. *Greene,* were regular and valid on the face of the rolls, and are not subject to collateral attack.

Section 203 of the Practice Act provided that, in case the complaint was not answered, the judgment roll should consist of "the summons, with the affidavit or proof of service," and "the complaint," with the default memorandum indorsed thereon. In *People* v. *Greene* the affidavits of service were wholly insufficient to authorize the district court to enter the judgments. (*People* v. *Greene, ante,* p. 400.)

5. Copies of the judgments in *People* v. *Greene* were filed with the register, but not, so far as appears, with the county recorder. It is insisted that the only purpose of the sixty-sixth section of the act of 1868 (Stats., p. 527) requiring copies to be so filed, is to afford notice to subsequent purchasers from the state, and that defendant was not affected by the fact that there was no evidence of service in *People* v. *Greene,* because the absence of such evidence did not appear in the record,—the judgment roll. But, as we have seen, the non-service did appear in the judgment rolls.

Section 66 of the act of 1868, however, only required certified copies of the *decrees* to be filed. But we are not authorized to assume that the only possible purpose of the requirement was to give notice to subsequent pur-

chasers from the state, so that they are to be absolutely protected by it as conclusive evidence of its own validity. The decree is not a subsequent conveyance by the state, and there is no analogy between the position of appellant and that of a subsequent purchaser in good faith and for a valuable consideration under the registry laws. It is only when a " decree " shall have been "obtained" that the district attorney is to cause certified copies of such decree to be filed with the state register and county recorder. (Stats. 1868, p. 527, sec. 66.) And only after a " decree of the court," that the land is to be subject to entry and sale. (Sec. 67.) The statute does not purport to deprive a prior purchaser of any rights he may have acquired, except by and through a *valid* decree.

Judgment and order affirmed.

SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., McFAR-LAND, J., and TEMPLE, J., concurred.

Rehearing denied.