[L. A. No. 1059.  Department One.—August 9, 1902.]

## ALBERT S. CRANE, Appellant, v. THOMAS CUMMINGS et al., Respondents.

FORECLOSURE OF STREET ASSESSMENT—STATUTE OF LIMITATIONS—MIS-NOMER—AMENDMENT—COLLATERAL ATTACK UPON JUDGMENT—AC-TION TO QUIET TITLE.—The objection that more than two years had elapsed before an amended complaint was filed in an action to fore-close the lien of a street assessment, to correct a misnomer in the first name of the defendant, does not go to the jurisdiction of the court, and for that reason the judgment rendered in the action is not absolutely void.  A sale under the decree in such action cannot be collaterally attacked in an action to quiet title for error in ren-dering the decree, nor on the ground that the complaint showed that the action was barred by the statute of limitations.

ID.—APPOINTMENT OF COMMISSIONER—ANALOGY OF FORECLOSURE OF MORTGAGE.—The court had jurisdiction to appoint a commissioner to sell the land under a decree of foreclosure of the lien of a street assessment, and such appointment was not erroneous.  The court was justified, under section 12 of the Street Improvement Act, in follow-ing the analogy of section 726 of the Code of Civil Procedure, re-lating to the foreclosure of a mortgage on real property; and the fact that the provision of that section authorizing the appointment of a commissioner was enacted at a later date than the provision of the Street Improvement Act does not render it inapplicable.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

John W. Kemp, Collier & Collier, and Collier & Smith, for Appellant.

A. J. Sherer, and W. C. Petchner, for Respondents.

HARRISON, J.—Action to quiet title to certain real estate. Each party derives his title to the land from Thomas W. Kizer,—the plaintiff by virtue of a deed of conveyance bear-ing date June 14, 1899, and the defendants by virtue of a sale made December 18, 1897, under a judgment of the superior

court in an action against Kizer to foreclose the lien of a street assessment upon the land. Judgment was rendered in favor of the defendants, and the plaintiff has appealed.

The street assessment upon which the action is brought was made February 7, 1895, and the action thereon was commenced December 6, 1896, against F. W. Kizer. An amended complaint was filed July 22, 1897, in which the defendant is named Thomas W. Kizer. Upon this amended complaint a summons was issued, and service thereof was made upon Thomas W. Kizer by publication.

1. It is contended by the appellant that, inasmuch as more than two years had expired before the amended complaint was filed, the lien of the assessment had ceased to exist and the judgment foreclosing the same was therefore void. This objection is a collateral attack upon the judgment, and cannot prevail unless the judgment is absolutely void. The superior court had jurisdiction of the action and of the defendant against whom its judgment was rendered. If there was any defense to this action, it could have been presented by the defendant and its sufficiency determined by that court. If judgment was rendered thereon in disregard either of the law or of the facts applicable thereto, it could have been reviewed upon an appeal therefrom, but if no appeal was taken the judgment was conclusive upon the defendant. Whether the defendant made any defense to the action or suffered default is immaterial. He had the opportunity to make any defense in his power, and if he neglected to do so the judgment is equally impervious to collateral attack as though such defense had been in fact made and disregarded by the court. A judgment rendered by default is not void because the complaint fails to state a cause of action. Neither is it void because it appears from the complaint that the action is barred by the statute of limitations. (*Moore* v. *Martin,* 38 Cal. 428; *Mayo* v. *Foley,* 40 Cal. 281; *Gambette* v. *Brock,* 41 Cal. 78; *Jones* v. *Gillis,* 45 Cal. 541; *Wood* v. *Jordan,* 125 Cal. 261; *Head* v. *Daniels,* 38 Kan. 1.) The purchaser at a sheriff's sale under such judgment will be protected against all collateral attacks thereon.

2. The sale under the judgment and the deed to the defendants were made by a commissioner appointed by the superior court for that purpose. The appellant objected to the intro-

duction of the deed in evidence upon the ground that the court had no authority to appoint a commissioner to make the sale, and urges the same objection upon this appeal.

Section 12 of the Street Improvement Act authorizes the court in which the suit upon the assessment is brought to order the premises to be sold on execution "as in other cases of the sale of real estate by the process of said courts." The mode of sale includes the officer by whom the sale is to be made, as well as the notice to be given and the place where it is to be made. The sale of real estate under the process of courts is not required to be uniform in all cases, and section 187 of the Code of Civil Procedure provides that in the exercise of its jurisdiction, "if the course of proceeding be not *specifically* pointed out, the court may adopt any suitable process or mode of proceeding which may appear most conformable to the spirit of the code"; and section 12 of the Street Improvement Act provides that that act shall be liberally construed to effect the ends of justice. By section 682 of the Code of Civil Procedure real estate which is to be sold in satisfaction of a money judgment is to be sold under a writ of execution directed to the sheriff of the county. Section 684 provides that, if the judgment requires the sale of property (real or personal), it may be enforced by a writ "directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith." Under section 726, upon a judgment for foreclosure of a mortgage upon real property, the court may appoint a commissioner to sell the encumbered property. The proceedings for the foreclosure of a street assessment are quite analogous to those for the foreclosure of a mortgage upon real property, and, as no mode is specifically pointed out for the sale of real estate under the judgment therein, it cannot be held that the appointment of a commissioner to sell the property in question was beyond the jurisdiction of the court, or even erroneous.

The fact that the provision of section 726 authorizing the court to appoint a commissioner to sell the property was enacted at a later date than the provision in the Street Improvement Act, does not render it inapplicable. (See *Ramish* v. *Hartwell,* 126 Cal. 443.)

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.