[Civ. No. 4871. First Appellate District, Division Two.—March 25, 1924.]

ANGLO AMERICAN LAND COMPANY (a Corporation), Appellant, v. E. H. SUNDBERG et al., Defendants; JOHN NICHOLL COMPANY, Respondent.

[1] Pleading — Action to Quiet Title — Surplus Allegations.—In an action to quiet title, where the complaint is in two counts, the first being a full and complete statement of an ordinary count to quiet title and the second being a repetition word for word of every allegation contained in the first count, to which is added a

specification of what the plaintiff conceives to be the specific claim or claims of the defendants, the plaintiff is not deprived of any substantial right by the action of the trial court in sustaining a demurrer to said second count without leave to amend.

(1) 4 *C. J.*, p. 1170, sec. 3196.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Affirmed.

The facts are stated in the opinion of the court.

Russell P. Tyler, Thomas Lloyd Lennon and J. E. Trabucco for Appellant.

Jones & Dall for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to quiet title to two parcels of land located at Larkspur, Marin County, California. It framed its complaint in two counts. The defendants interposed a demurrer as to each count. The trial court overruled the demurrer to the first count, and sustained the demurrer to the second count without leave to amend. Later a judgment was entered up dismissing the cause of action pleaded in the second count. From that judgment the plaintiff has appealed. Under the facts presented in the record we think that the judgment must be affirmed, whether it was erroneous or otherwise, because after an examination of the entire record the court is clearly of the opinion that the ruling of the trial court, if it be conceded to be error, has not resulted in a miscarriage of justice, and in short has not deprived the plaintiff of any substantial right.

[1] The first cause of action pleaded in the amended complaint is a full and complete statement of an ordinary count to quiet title. By overruling the demurrer to that cause of action the trial court properly preserved to the plaintiff all of the rights to which the plaintiff was entitled. In the second count the plaintiff repeated word for word every allegation contained in the first count, and having done so it thereupon proceeded to specify what the plaintiff conceived to be the specific claim or claims of the defendants. In doing so the plaintiff inserted nearly forty folios of alleged defects in the purported proceedings theretofore had

by the town of Larkspur in an attempt to install certain improvements under the "Improvement Act of 1911" (Stats. 1911, p. 730). Under the decision of the supreme court of this state no duty rested upon the plaintiff to insert such allegations in its complaint, the allegations were not necessary to the sufficiency of its pleadings, and all of said allegations were in the nature of anticipating a defense, and were immaterial matter; and, being immaterial, all of said matters could have been stricken from the pleading if a proper motion in that behalf had been made. (Code Civ. Proc., sec. 463; *Crook* v. *Forsyth*, 30 Cal. 662; *People* v. *Center*, 66 Cal. 551, 562, 563 [5 Pac. 263, 6 Pac. 481]; *Hyde* v. *Redding*, 74 Cal. 493, 498 [16 Pac. 380]; *Stratton* v. *California Land etc. Co.*, 86 Cal. 353, 361 [24 Pac. 1065]; *McNeil* v. *Morgan*, 157 Cal. 373, 376 [108 Pac. 69]; 32 Cyc. 1354.) From the transcript it appears that the defendants interposed a motion to strike out, but the motion was not set forth in the transcript, nor does the transcript show what order the trial court made thereon. The demurrer interposed to the second count contained fifteen folios of assignments, each and all of which are addressed to the immaterial allegations above referred to. The initial paragraphs of the count stated a cause of action, and the cause of action was not annihilated by adding the immaterial matter. To get rid of the immaterial matter, the attack should have been by a motion to strike instead of a demurrer. (Cf. Code Civ. Proc., secs. 430 and 453.) When the demurrer to the second count had been sustained, there was still left of the pleading everything which of right the plaintiff was entitled to have remaining in the pleading. In other words, the plaintiff had inserted in its amended complaint the first count which was perfectly good. It had also inserted a second count which was but a duplication of the first count with some surplusage added thereto. Conceding, without deciding, that the trial court erred in sustaining the demurrer to the second count, the plaintiff was entitled to proceed on the first count and introduce every bit of evidence which it could have introduced on the second count. When the defendants shall have answered the first count and shall have set forth all of their claims, the burden will rest on the defendants to sustain their claims by proving the same at the date of trial. It is therefore

clear, as we stated above, that the appellant has not been deprived of any substantial rights by the ruling complained of.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.