JONES *v.* DILS *et al.*

Decided November 26, 1881.

*(PATTON, JUDGE, ABSENT).

1. The only authority for making a deed for lands sold for the non-payment of taxes is the sale of the land and the conforming to the requirements of the statute thereafter. The deed must conform to the report of the sale; and if the report of the sheriff shows, that an entire tract of land was sold, this is no authority for executing a deed for a part of such tract; and if such a deed is executed, it is void.

---

*Case submitted before Judge Patton took his seat.

2. If J. in 1865 paid the taxes to the high sheriff of the county for that year, and asked if there were any back taxes, and was told by the sheriff, that the taxes of 1864 were due, but that the tax-bill was in the hands of his deputy, but he would receive the tax, which he did, and gave a receipt therefor; and the high sheriff paid the tax with other taxes into the State-treasury, and before the payment the land had been actually returned delinquent by a deputy of the high sheriff, and in 1871, several years after tho tax on the tract for 1864 had been paid into the treasury, the land was certified down from the auditor's office for sale and sold by another sheriff in 1871, and bought by D., who obtained a deed therefor, and J. filed his bill to annul the deed on the ground among others, that the taxes had been paid. HELD :

The taxes were paid and the deed should be cancelled.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Wood, rendered on the 12th day of April, 1877, in a chancery cause in said court then pending, wherein Henry W. Jones was plaintiff, and William Dils and D. W. Long were defendants, allowed upon the petition of said Jones.

Hon. J. M. Jackson, judge of the fifth judicial circuit, rendered the decree appealed from.

The facts of the case are fully stated in the opinion of the Court.

*John A. Hutchinson* for appellant, cited the following authorities: Acts 1863, ch. 131, § 19; Code, ch. 30, § 21 ; Cooley on Taxation 324, 325 and cases cited ; *Id.* 333; Blackw. Tax Titles 251 ; *Id.* 246, 252–254; *Id.* 171, 172 ; 1 Munf. 419 ; 4 Rand. 585; 7 Leigh 22; 13 Wall. 506 ; 10 Wall. 464; 5 Gratt. 120; 4 Dev. & Bat. 386; 4 McLean 138; 6 Wheat. 118; Acts 1863, ch. 131, § 18; Cool. Tax. 328; *Id.* 332 ; 8 Ohio 114; 32 Wis. 394; 21 Ind. 600; 16 N. J. Eq. 382; Cooley Tax. 332 ; 20 Gratt. 843 ; 16 Mich. 135; Code, ch. 30, § 18; Acts 1872–3, ch. 117, § 47 ; *Id.* ch. 19, p. 64 ; *Id.* ch. 17, § 25; Code, ch. 31, § 25; *Id.* §§ 10, 12, 14 ; Acts 1872-3, ch. 117, §§ 14, 25; 10 Gratt. 421; Acts 1872-3, ch. 117, § 58; 2 H. & M. 341; 20 Wend 249; 1 East 64 ; 7 Cow. 88; Plowden Com. 113; Blackw. Tax Tit., ch. 2; 20 Ia. 134; 7 W. Va. 143 ; 22 Vt. 388; 16 How. (U. S.) 617 ; 18 Gratt. 100; 18 Wall. 549; 22 Wall. 263 ; 23 Ia. 559; Blackw. Tax Tit. 412; 18 Johns. 441 ; 11 Ill. 420 ; 1 Harrington 11; 6

Mon. 206; Code, ch. 30, § 18; Code, ch. 31, §§ 6, 25; 7 Minn. 267; 27 Vt. 819; 44 Vt. 325; Acts 1872-3, ch. 118, § 25.

*Walter S. Sands* for appellee cited the following authorities: Acts 1872-3, ch. 19, p. 54; Code, p. 615; Acts 1872-3, ch. 117, § 47; 7 W. Va. 143; Code, ch. 31, § 25; Acts 1872-3, ch. 117, § 25; Acts 1873, ch. 131, § 18; Blackwell on Tax Titles 412.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In May, 1875, the plaintiff, Henry W. Jones, filed his bill in the circuit court of Wood county, to set aside a tax-deed, executed on the 26th day of August, 1874, by the clerk of the county court of Wood county to the defendant, William Dils, "because," among other reasons alleged in the bill, "the land was not in truth and fact delinquent for the non-payment of the said taxes for the year 1864; that the return so made, if any was made, was false and untrue; that in fact the taxes were paid for that year, &c." It is further claimed, that the said sale and deed are void, because the return of the sales of real estate within the county of Wood, made in the month of September, 1871, for the non-payment of taxes due thereon, is insufficient in this, that it does not contain the caption prescribed by law, showing the several columns required to be set forth in the memorandum of real estate sold, &c., as required in sections ten and twelve of chapter thirty-one of the Code of West Virginia; that the said list does not show as to the one hundred acres alleged to have been sold *what estate was held therein,* and what was sold, whether the fee or a less estate; and that it returns the whole one hundred acres as sold, while the deed recites a sale of eighty acres.

The defendant, Dils, answered the bill and among other things says: "That notwithstanding the plaintiff files what he claims to be a receipt for the taxes for the year 1864 for the said tract of land, the sheriff, who gave that receipt, had no right to give any such receipt any more than a private individual, he, the said sheriff, having surrendered and parted with all his legal control of the same by returning the same delinquent on the said — day of June, 1865. He denies

therefore, that that was any payment of the taxes. He avers, that if the taxes were paid at all, it was to the sheriff after the land had been returned delinquent, and before the land had been returned to the sheriff to be sold, and at a time when the sheriff had no legal right to receive them." The answer also avers, that the sale was regular, as the statute required, and denies, that any of the technical objections relied upon by the plaintiff are sufficient to avoid the deed.

The list of sales returned by the sheriff and made an exhibit with the bill is as follows:

*A List of Real Estate within the County of Wood sold in the month of September,* 1871, *for the non-payment of Taxes thereon for the years* 1860, 1861, 1862, 1863, 1864, 1865, 1866, 1867, 1868, 1869, 1870:

| Name of person charged with tax. | Quantity of land sold | Local description of land. | For what year sold | Amount tax | Total am't tax and interest. | Total am't tax, interest & damages. | Total of all taxes,int'rst & damages. | Total of all tax, inter'st, dmnage and exp. of sale. | Name of purchaser | Date of sale |
|---|---|---|---|---|---|---|---|---|---|---|
| Solzman Wm.. | 100 | Worthington Creek. | 1864 | ... | $2 33 | $2 56 | $2 56 | $3 25 | 80, D. W. Long | 7th |

It will be observed, that this list reports the whole one hundred acres sold, while the deed recites, that eighty acres only were sold and conveyed that quantity only.

It was clearly proved in the cause by H. H. Dils, who was sheriff of Wood county in 1864–5, and no effort was made to contradict it, that Jones came into his office in 1865 and paid him the taxes for that year and took up the tax-bill for that year; that at that time the land-books for 1864 and 1865 were in his office. Jones enquired if there were any back taxes on the land; that on examination he found, that the tax for 1864 had not been paid, and the book did not show, that the land had been returned delinquent, and that he did not know it had been so returned, he received from Mr. Jones the tax for 1864 and gave him a receipt therefor on the back of the tax-bill for 1865, which Jones had already paid; that the tax-bill for 1864 was in the hands of one of his deputies. The witness said the returning the land delinquent was a mistake. It was not the intention to return it delinquent. He knew there was property on the land, out of which the taxes could be made. The deputy had already returned the land delinquent, as appears from the record. The sheriff further testi-

fied, that he paid all the taxes for 1864–5 to the auditor of the State and took his receipt for the same.

Jones testified to having paid the taxes for 1864 to sheriff Dils. He became the owner of the land in 1865 on the 10th of July. The amount of taxes paid to the sheriff for 1864, and by him paid into the State-treasury, was $4.10; and the amount, for which the land was charged and sold in 1871, was $3.25 including interest, damages, &c.

On the 12th day of April, 1877, the court upon a final hearing dismissed the plaintiff's bill with costs. Is there error in this decree?

Section 10 of chapter 31 of the Code provides, that " the sheriff or collector on receiving from any purchaser the amount of purchase-money shall grant to him a receipt for the same to the following effect." Then follows the memorandum with appropriate columns, the caption of one of which is, " Estate held therein." The 12th section provides that, " the sheriff or collector shall make out a list of the sales with the following caption thereto: ' List of real estate within the county of ———, sold in the month (or months) of ———, eighteen hundred and —, for the non-payment of taxes thereon for the year ———.' Underneath shall be the several columns mentioned in the 10th section with a caption to each column ; and there shall be an additional column showing the date of each sale, unless the sales were all in one day, in which case the day may be mentioned in the caption." The 11th section prescribes the oath, that shall be subjoined to the list; and the 14th section requires, that " the list with the certificate of the oath attached shall within two days after the completion of such sale be returned to the recorder of the county, who shall twenty days thereafter make an accurate copy thereof in a well bound book and transmit the original to the auditor."

Now, if there are omitted from the list some of the positive requirements of the statute, can it be called a mere irregularity which will not affect the sale ? To say that the Legislature has enacted that certain proceedings are necessary to the validity of a sale of real estate for taxes and at the same time to say that the omission of any of such proceedings is mere irregularity is absurd. If any of such pro-

ceedings may be omitted, why not all? How can we say which is material and which is not? The Legislature prescribes the rule, not the courts; and we must regard all the requirements of the statute alike essential. Whether the thing required has been substantially done or not is a question for the courts. In *Dequasie* v. *Harris*, 16 W. Va. 360, this Court by GREEN, PRESIDENT, said: "The failure of the report of the sheriff to show, in whose name the land in controversy was taxed for the year 1870 for the delinquency to pay the taxes of that year, being in part the basis of the sale, was not a mere irregularity, which might be cured either by this provision in the Code or in the Acts of 1872–3, but it was an omission in a material and essential particular, which could not be cured by the recitals in the deed, and which necessarily vitiated the tax-deed." The omission in the report of the sheriff of lands sold for non-payment of taxes to state, what estate was held therein, as required by section 12 of chapter 31 of the Code, vitiates a sale under said chapter.

The only authority for making the deed is the sale of the land and the conforming to the requirements of the statute thereafter. The deed must conform to the sale; and if the report of the sheriff shows, that one hundred acres were sold, this is no authority for executing a deed for a greater or less number of acres; and if such a deed is executed, it is void. There was no authority in the recorder of Wood county to make a deed for any other tract of land, or any part of tracts other than precisely what was sold; therefore when the report shows, that the whole tract of one hundred acres was sold, there was no authority in the recorder to execute a deed for eighty acres. The authority for making the deed is in section 19, which provides: "After the expiration of the said one year the purchaser of *any real estate so sold* and not redeemed shall obtain from the recorder of the county, in which the sale was made, a deed conveying the *same*, in which shall be recited all the material circumstances appearing in his office in relation to the sale.   *   * If the sale be of a part of a tract of land, the deed shall refer particularly to the plat and description returned and the order of the recorder thereon; and if the sale be of an entire tract of land, it shall re-

fer to the report made and the order thereupon. "The deed here recites, that eighty acres were sold when the report of the sheriff shows that the entire tract of one hundred acres was sold.

It is also claimed, that the taxes were paid. The only reason why *ex parte* proceedings are allowed in selling lands delinquent for taxes is the fact, that the State must have her revenue, and that justifies her in pursuing the usual mode for the collection of the taxes due her. But no man's land will be sold, unless there has been a failure to pay the tax thereon. The statute declares section 26, chapter 117, Acts 1872–3, which is the same as section 26 of chapter 31 of the Code of 1868, that "if it be alleged in any suit or proceeding, that the taxes, for the non-payment of which the real estate was sold, were not in arrear, the party making such allegation must establish the truth thereof by proving that the taxes were paid." The 27th section provides for instituting a suit in equity for the purpose of having the deed declared void, because the taxes were paid.

Is there any doubt in this case, that the taxes were actually paid into the State-treasury before the State sold the land to raise these very taxes? In my mind there is not the slightest doubt. The taxes, and more than the taxes due at the time of the sale, including interest and damages even, had been paid into the State-treasury years before the sale was made. But it is objected, that the land had been returned delinquent, and the property should have been redeemed in the regular way by paying the taxes, interest, &c. to the auditor, or to the sheriff after the list had been sent down to the sheriff for a sale of the land. The answer to this is, that the land-owner had been misled by the servant of the State, who received his taxes and led him to believe, that the land had not been returned delinquent; and the statute does not limit his right to have the deed set aside, where the taxes have been paid into the State-treasury in the regular way. If the taxes were actually paid into the State-treasury before the sale of the land, then the State had no right to sell the land, and the sale conferred no title. It would be a great hardship on a man to have his land sold for taxes, when he had actually paid the taxes, and of course was thrown off his guard, and paid no

attention to the delinquent lists. This was the condition of Jones. He had no idea his land had been returned delinquent; he knew he had paid the taxes for the year 1864, and of course he rested in supposed security. It would be unjust, that he should lose his land under these circumstances, when he has not been in default, being misled by the agent of the State, who gave him to understand that his land had not been returned delinquent, and received his taxes and paid them into the State-treasury before the sale. The State deals in no such harsh way with her citizens. Having been paid her taxes she ought not to have sold the land. The appellee cannot put himself in the position of an innocent purchaser, any more than a junior patentee could do. If the land had not been forfeited, the State had no title to convey.

The decree must be reversed with costs, to the appellant, and a decree here entered, annulling said deed.

JUDGE HAYMOND concurs in the conclusions reached, but not in all the reasoning, and is not satisfied, as a matter of fact, that the tax was paid into the treasury.

GREEN, JUDGE, concurred in the opinion, except that he is not satisfied as a matter of fact, that the tax was paid into the treasury.

BOTH CONCUR IN THE SYLLABUS.

DECREE REVERSED.