# WHEELING.

## Orr *v.* Wiley *et al.*

Submitted June 13, 1881. Decided December 10, 1881.

1. The sheriff of Wetzel county sells land delinquent for the non-payment of taxes, and the clerk of that county makes to the purchaser a deed for the same, but the purchaser before receiving the deed does not have a report made according to the 18th section of chapter 117 of the acts of 1872-3. Held :
    The deed is null and void.

2. The omission to attempt to do, what the statute expressly requires to be done, is not an irregularity but an omission, which is not covered by section 25 chapter 117 of the Acts of 1872–3.

Appeal from a decree of the circuit court of the county of Wetzel, rendered on the 7th day of July, 1880, in a chancery cause in said court then pending, wherein John Orr was plaintiff, and Wilson S. Wiley and John Stender were defendants, allowed upon the petition of said Orr.

Hon. A. B. Fleming, judge of the second judicial circuit, rendered the decree appealed from.

The facts of the case are stated in the opinion of the Court:

*W. V. Hoge and J. E. McKennan* for appellant cited the following authorities: Acts 1872-3 ch. 117 §§ 9, 25; Cool. Const. Lim. 368, 369; 32 Mo. 501; 1 Story Eq. Juris. § 187; *Id.* § 190; 2 Pars. on Cont. 783, 786; 1 C. E. Green 48; 1 Story Eq. Juris. § 246; 1 Tuck. Com. 103; 6 Johns. Chy. 414; 59 Barb. 12; 1 W. & T. Lead. Cas. in Eq. part II. p 237; 16 W. Va. 32; Acts 1872-3 ch. 151 § 3; 4 Rand. 199; 7 W. Va. 135.

*Ewing & Wiley* for appellees cited the following authorities: Acts 1872-3 ch. 117 § 25; *Id.* § 14; *Id.* § 18; *Id.* § 9; 7 W. Va. 134; 10 Gratt. 421; 11 Gratt. 516; 13 Gratt. 423; 3 Gratt. 37; 18 Ia. 348; 16 Ia. 44; 1 Munf. 419; 4 Rand. 585; 11 Pa. St. 207; 32 Pa. St. 45; 24 Pa. St. 145; 1 Wash. 74; 2 H. & M. 308; 2 H. & M. 13; 3 Dall. 365; 45 Ia. 450; 28 La. Ann. 650; 4 Mich. 579; 6 Wall. 268; Kerr Fraud & Mistakes 383, 384; Pet. C. C. 378; 6 Watts & S. 18; Kerr 160; *Id.* 252; 2 H. & M. 551.

PATTON, JUDGE, announced the opinion of the Court:

John Orr filed his bill in the circuit court of Wetzel county against W. S. Wiley and John Stender, in which he alleges, that a tract of land of two thousand acres belonging to him and situate in said county was sold by said John Stender, sheriff of said county, for the non-payment of taxes due thereon for the year 1874, and charges, that there was an agreement between Wiley, the purchaser, and Stender, the sheriff, by which Wiley should purchase that land and other

lands, in which purchases Stender was to be equally interested, that such agreement and purchase were fraudulent, and rendered said sale void; and also charges, that there was a number of defects in the proceedings appearing on the face of the record, which vitiated the deed, which was made to Wiley the purchaser. Wiley and Stender filed three joint answers to the bill, in which they admit the sale and purchase by Wiley and deny, that there was any agreement between him and Stender previous to the sale, and deny that Stender was to be interested in it.

A good deal of testimony was taken in the cause; and on the 7th day of July, 1880, the cause was heard by the circuit court, who being of opinion, that the complainant was not entitled to the relief prayed for, dismissed his bill, whereupon he obtained an appeal to this Court.

Without undertaking to discuss or determine the numerous questions presented by the pleadings and testimony in this cause, which were so elaborately discussed at the bar, there is one fatal defect, which renders the deed to Wiley null and void. The 18th section of chapter 117, Acts of 1872–3, provides, that " When a tract of land is sold for the non-payment of taxes and is not redeemed within the year, the purchaser, his heirs or assigns at his or their expense shall have a report made by the surveyor of lands for the county, in which the same is situated, or if he be interested, or there be no such surveyor, then by some person appointed by the county court of the county, in which the same was sold, for that purpose, who shall before some person authorized to administer an oath take an oath, that he will faithfully discharge the duties of his office according to the best of his skill and judgment, to the clerk of the county court specifying the metes and bounds of the land sold, giving such description thereof as will identify the same; and the said clerk, unless there be some valid objection to the report, shall order the same to be recorded in his office, and a record thereof shall be made accordingly."

No such report, as is required by this section of the statute, was ever made. The surveyor of Wetzel county did make a certificate accompanied by a plat, which certificate was ad-

mitted to record by the clerk of the county court of Wetzel county, The certificate is as follows:

"I do certify the within to be a true plat and description of a tract of land situated on the waters of Fishing creek,' Arches's Fork and McElroy, in Wetzel county, W. Va., bounded as follows, to-wit: Beginning at a white oak, corner to Archibald Woods's twenty-one thousand acre survey; thence north twenty-two east ·one thousand two hundred and twenty-one poles to a white oak; thence west twenty-six to a stone, lynn, white oak and poplar; thence south six and one-fourth east one thousand one hundred and fifty poles to a stone in said Woods's line, and with it south fifty-nine east eight hundred poles to the beginning, containing two thousand acres, be the same more or less, subject to a reserve of about eight hundred acres, to wit: Patrick Carlin, two hundred and seven acres; Abraham Ice, one hundred and thirty acres; Isaac Ice, one hundred acres, and other sales, not to *exceed* eight hundred acres in all."

The certificate of the clerk was simply that " the foregoing plat and certificate of W. P. Farnell, surveyor of Wetzel county, was this day presented in the clerk's office aforesaid and thereupon admitted to record."

There is nothing in this certificate or report, if it may be so termed, or in the certificate of the clerk, which in any way identifies the tract of land referred to therein with the tract sold by the sheriff or the tract conveyed to the purchaser. So far as any identification is concerned, it would apply equally as well to any tract of land containing two thousand acres sold in the county. It does not purport to be a report of the land purchased by Wiley; and so far as I can see, it has no connection whatever with this case. This is the only act on the part of the surveyor pretended to be in compliance with § 18 ch. 117 of the Acts of 1872-3. There being no report of the surveyor specifying the metes and bounds of the land sold, giving such description thereof, as would identify the same, nor such report by any other person, as provided for in the statute, the purchaser was not entitled to have a deed for the land purchased by him.

The rules which govern the validity of deeds obtained upon the purchase of land under tax-sales are too familiar to need

discussion here. All the requirements of the statute must be complied with to make the sale valid, and to entitle the purchaser to a deed. Whether those requirements are wise or unwise, it was in the power of the Legislature to require whatever prerequisite it chose; and it is not the province of the court to say, that a given requirement is immaterial and may be dispensed with. It is useless to enquire, why the purchaser was required by the Legislature to obtain a report from the surveyor specifying the metes and bounds and giving such a description of the land as will identify it. The statute does require it, and the requirement must be regarded as material.

Section 25 chapter 117 of the Acts of 1872–3 provides, that "When the purchaser of any real estate so sold, his heirs or assigns, shall have obtained a deed therefor according to the provisions of this chapter and caused the same to be admitted to record * * * such estate shall stand vested in the grantee in such deed in and to said real estate, as was at the commencement of or at any time during the year or years, for which the said taxes were assessed, vested in the party assessed with the taxes, for which it was sold * * * * notwithstanding any irregularity in the proceedings, under which the said grantee claims title, unless such irregularity appear on the face of the proceedings of record in the office of the clerk of the county court and be such as materially to prejudice the rights of the owner, whose real estate is sold, and it be clearly proven to the court or jury, that such diligence has been exercised by the party, in whose name it was sold, that but for such irregularity the said party would have redeemed the same under the provisions of the fifteenth and sixteenth sections of this chapter."

This section does not dispense with doing or attempting to do any act required by the statute; but the most that can be said of it is, that where an attempt has been made to comply with a requirement of the statute, but with such imperfect success, as to show irregularities in the attempt, such irregularities shall not render the deed void, except under the circumstances stated in the statute.

It has been claimed, that this statute is unconstitutional. Judge Green in the case of *Dequasie* v. *Harris*, 16 W. Va.

359, speaking of this same act says : "It is in my judgment immaterial, whether these provisions be constitutional or not, or whether in this case in this respect the Code or the Acts of 1872-3, is to control. The court below instructed the jury, that the act of 1872-3 controlled in this case, and not the provisions of the Code. But it is immaterial, whether the act of 1872–3 is in this respect constitutional or not, or whether it or the provisions in the Code is applicable to this case. The failure of the report of the sheriff to show, in whose name the land in controversy was taxed for the year 1870 for the delinquency to pay the taxes for that year being in part the basis of the sale, was not a mere irregularity, which might be covered either by this provision in the Code or in the Acts of 1872-3 ; but it was an omission in a material and essential particular, which could not be cured by the recitals in the deed, and which necessarily vitiated the tax-deed."

In the case of *Jones* v. *Dils*, 18 W. Va. 759, Judge Johnson taking the same view, that Judge Green does, says: "The omission to attempt to do, what the statute expressly requires to be done, is not an irregularity. An irregularity may occur in improperly or defectively doing a thing required to be done. It would be absurd to say, that the Legislature would declare, that in order to a valid sale of real estate for taxes a certain thing must be done, and then say, that the failure to attempt to do that thing is an irregularity. If one of the required things may be omitted why not all ? How shall we attempt to say, what the Legislature required to be done is material, and what not ? It is the Legislature and not the courts that prescribes the rule ; and we must regard all the requirements of the statute alike essential." The statute required a report to be made and returned to the clerk of the county court, and such report not having been made the clerk was not authorized to make the deed to Wiley ; and said deed must be held to be null and void ; and as it appears by the record, that the amount of purchase-money with interest according to law was tendered by the appellant to the appellee Wiley and was refused by him, and because of other material facts appearing in the record the tax-sale is set aside; the decree of the circuit court must be reversed with costs to

the appellant; and a decree must be entered here annulling said deed and setting said sale aside.

JUDGES JOHNSON AND GREEN CONCURRED IN THE OPINION. JUDGE HAYMOND CONCURRED IN THE CONCLUSION, BUT NOT IN THE REASONING.

DECREE REVERSED.

# WHEELING.

