SIMONTON, Circuit Judge.
This case comes up on appeal from the circuit court of the United States for the district of West Virginia, in equity. The bill is filed for the purpose of removing a cloud from the title of land. The complainant alleges that she is the owner in fee simple of 2,212 acres of land in the county of Randolph, W. Va., and sets out in detail her chain of title. The title is traced to C. J. P. Cresap, who purchased the same at a tax sale made by the sheriff, 8th of November, 1871, for taxes assessed in 1865 and 1866, the land at that time being the property of one George Reagan. Reagan himself traced his title to a sale made on the 6th of April, 1854, on the forfeiture of these lands by the original patentee. She further alleges that the land is in the state of nature, wild and uncultivated, but covered with a large quantity of valuable timber, which constitutes its chief element of value; that upon the faith of this she *163 had selected it as her portion in the division of an estate in which she was one of the devisees. She further alleges that John S. Hoffman, under whom she holds the land as devisee, and that she herself after him, had as full possession of these lands as, according to their nature, they were capable of possession. The bill goes on to allege that there has appeared on the record of the county of Randolph, where said lands are located, a deed to the defendant Harding, purporting to convey said lands to him under a sale alleged to have been made by the sheriff of said county in November, 1889, for taxes assessed on the said land for the year 1887 as the property of one John Reagan and others, and that Harding and Butcher, the other defendant, are preparing to take possession of said land to cut the timber thereon. This .title to Harding, the bill charges, is null and void. The answer challenges the title and possession of complainant; denies that she has in fact any title; admits their proposed use of the land to which they aver they have good title; prays the dismissal of the bill, and the dissolution of the restraining order granted thereon on the filing thereof. The cause came on to be heard on the pleadings and on depositions. It resulted in a decree that complainant had a good and valid title to the land as claimed by her, that the title set up by defendants was null and void, that they had not proved possession in themselves, that the tax deed under which they claim be canceled and annulled, and that the injunction be made perpetual. Leave to appeal from this decree was granted to the defendants, and the cause is before this court on their assignments of error. These assignments of error go to the jurisdiction of the court. They allege that a court of equity passed upon and settled the legal title to the land in controversy when there was no other question before it, and that it took from defendants the land of which they held both title and possession, without the intervention of a jury. Also, in that plaintiff has a plain, adequate, and complete remedy at law. Also, in that plaintiff, being out of possession, seeks to remove a cloud upon the title to the land in controversy without showing ground for equitable relief.
The jurisdiction of courts of equity to entertain bills for the removal of a cloud on the title of real property is too well established to be now drawn in question. McConihay v. Wright, 121 U. S. 205, 7 Sup. Ct. 940. The general rule is that such bills will not lie if the party complainant be not in possession. If the complainant be in possession, he could not have any remedy at law, for under such circumstances he could not bring his action to try the title. The rule is clearly and distinctly stated by the supreme court of West Virginia in Moore v. McNutt, 24 S. E. 682, as follows:
“Equity will exercise jurisdiction to remove a cloud resting upon the title of real estate—First, where the complainant has only the equitable title, and is either in or out of actual possession, and whether his adversary is in or out of actual possession; second, where complainant, though, having legal title, is in actual possession. It will not exercise such jurisdiction where complainant has legal title and is not in actual possession, no matter whether his adversary is in actual possession or not. The party is left to his remedy at law; that being plain, adequate, and complete.” But only when it is plain, adequate, and complete. Rich v. Braxton, 158 U. S. 406, 15 Sup. Ct. 1006.
*164 There can be no doubt that a bill will lie to remove a cloud created on the title to land by a tax deed alleged to be void for fraud or irregularity, although the complainant set up his legal title only, if he be in possession. In the case at bar, although the bill alleges possession in the complainant, it seems to be that possession which the legal title draws to it. The important question in this case, therefore, is, will a bill lie to remove a cloud upon the title created by a tax deed, if the complainant be not in actual possession of the land, and if he relies on his legal title? As we have seen, the general rule requires that in such a case the complainant should allege and prove actual possession. The supreme court of the United States, while holding that remedies in the courts of the United States are at common law or in equity, according to the essential character of the case, uncontrolled in this particular by the practice of the state courts (New Orleans v. Louisiana Const. Co., 129 U. S. 45, 9 Sup. Ct. 223), yet an enlargement of equitable rights by state statute may be administered by the circuit courts of the United States as well as by the courts of the state, etc. Gormley v. Clark, 134 U. S. 348,10 Sup. Ct. 554; Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129; Greeley v. Lowe, 155 U. S. 58, 15 Sup. Ct. 24. This doctrine was applied in the case of Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495. This was a case from Nebraska. The complainant in a bill to quiet title set up a claim to the land under a tax sale, but did not aver possession. The defendant was the prior owner of the land sold for taxes. A statute of Nebraska provides that an action may be brought, and prosecuted to final decree, judgment, or order, by any person, whether in actual possession or not, who claims the title to real estate, against any other person setting up an adverse estate or interest therein, for the purpose of determining between these conflicting claims. The supreme court held that this created an exception to the general rule on that subject. The language of the court shows that this statute modifies the general rule of equity, that, in order to maintain a bill to quiet title, it is necessary that the complainant must be in possession, and, in most cases, that his title should have been established by law, or founded on undisputed evidence or long-continued possession. The court also held that this was an enlargement of equitable rights which could be administered by the circuit courts of the United States within that state as well as by the courts of the state itself. There are cases in the supreme court which seem to conflict with the doctrine of Holland v. Challen,-—such as Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, in which this case and others are commented upon. But these cases all turn upon the crucial question, is this a suit cognizable in equity, or has the complainant a plain, adequate, and complete remedy at law? Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129. The supreme court of the United States, in Rich v. Braxton, 158 U. S. 376, 15 Sup. Ct. 1006, held in a case like the one at bar, coming up from West Virginia, that the complainant who sought to quiet his title did not have a plain, adequate, and complete remedy at law. In Davis v. Gray, 16 Wall. 203, it is held that a party going into a national court does not lose any right or appropriate remedy of which he might have availed himself in the state *165 courts of that locality, unless, indeed, it conflicts with the constitution of the United States. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Grether v. Cornell’s Ex’rs, 48 U. S. App. 779, 23 C. C. A. 498, 75 Fed. 742. The subject is treated exhaustively, and very many authorities are cited, in Darragh v. Manufacturing Co., 23 C. C. A. 609, 78 Fed. 7. In West Virginia the supreme court of that state, while rigidly enforcing the general rule in every other case in which it is attempted to remove a cloud on the title, and while requiring in such cases, as an inexorable condition precedent to the relief sought, that the complainant be in possession, if he relies on the legal title, made an exception in every case in which the cloud on the title is created by a tax deed charged to be irregular or void. This is distinctly and expressly shown in the cases of Moore v. McNutt, cited supra, and in Christian v. Vance, reported in 24 S. E. 596,—both cases in the supreme court of West Virginia. In the case first named, the general doctrine, as has been seen, is clearly stated; and in the last-named case, while the doctrine is repeated, a cloud created by tax deeds is distinctly excepted. This practice prevails, and has for a very long period prevailed, in West Virginia, without question. It arose out of the construction put by the court of that state upon its tax laws adopted soon after the organization of the state. And, although the tax laws then adopted have been changed in some particulars, still the action of the court of last resort in that state conclusively indicates its opinion that in this respect the change of the law has not affected this practice. Forqueran v. Donnally, 7 W. Va. 114; Dequasie v. Harris, 16 W. Va. 359; Carskadon v. Torreyson, 17 W. Va. 43; Jones v. Dils, 18 W. Va. 759; Orr v. Wiley, 19 W. Va. 150; Simpson v. Edmiston, 23 W. Va. 675; Danser v. Johnsons, 25 W. Va. 380; Clayton v. Barr, 34 W. Va. 290, 12 S. E. 704; Christian v. Vance (W. Va.) 24 S. E. 596. Without doubt, the existence of large bodies of wild and uncultivated land in that state, and the facility with which clouds could be created upon the title, furnished the reason for, and required the enforcement of, this rule. An examination of the facts stated in Bich v. Braxton, supra, not only justify, but show the imperative necessity of, this departure from the general rule. The court of last resort of the state of West Virginia having construed its statutes so that a bill to remove a cloud upon a title, created by an irregular or void tax deed, can be brought by one out of possession, and who relies upon his legal title only, this construction will control this court. ' This disposes of the questions of law raised by the assignments of error. We see no error in the facts found by the circuit court, and the decree of the circuit court is affirmed.