## TAYLOR v. CLARK.

(Circuit Court, S. D. California. August 8, 1898.)

### No. 825.

1. INJUNCTION AGAINST TRESPASS—NECESSITY OF POSSESSION BY COMPLAINANT.
   In California trespasses on land will not be enjoined when complainant has been wholly disseised, and defendant is in adverse possession.
2. BILL TO QUIET TITLE—EQUITY JURISDICTION OF FEDERAL COURTS—NECESSITY OF POSSESSION BY COMPLAINANT.
   A federal court will not entertain a suit to quiet title to land of which defendant is in the actual possession, when the bill is filed, though such suit is authorized by a state statute.

This was a suit in equity by Vincent A. Taylor against Hiram W. Clark to quiet title to land. The cause was heard on an application for a temporary injunction to prevent threatened trespasses on the land by defendant.

G. E. Harpham, for complainant.
Henry W. Nisbet, for defendant.

WELLBORN, District Judge. This is a suit to quiet title to certain lands situated in San Bernardino county, Cal., and for a temporary injunction, as below stated. The case is now before the court on the application for injunction. The bill, which was filed June 2, 1898, is in the usual form of a bill to quiet title, except that it does not show who is in possession of the land, but alleges that the complainant is entitled to the possession. It alleges, further, that the lands have a large quantity of natural grasses and herbage growing on them, valuable for the pasturage of cattle and sheep, and that defendant threatens to go upon the lands, with stock of different kinds, and that said stock, if put upon the land, will destroy and eat up said grasses and herbage; and these threatened injuries the complainant asks the court to enjoin.

The defendant has filed a verified answer, in which he claims the land under a lease for a term of one year, beginning March 10, 1898, and alleges, among other things, that he is now, and has been, continuously, ever since said date, in the actual possession of said land. This allegation complainant has not attempted to controvert on the present hearing. The authorities relied on by complainant in support of his application for an injunction are Hicks v. Compton, 18 Cal. 206, and Reed v. Kimball, 52 Cal. 325. These cases hold, in substance, that the owner of a growing crop may restrain another, who is insolvent, from harvesting and removing it. In each of these cases the plaintiff seems to have been in possession of the premises. Defendant's contention is that

threatened trespasses on land will not be enjoined when the plaintiff has been wholly disseised, and the defendant is in adverse possession; citing Felton v. Justice, 51 Cal. 529, which case is directly in point, and supports defendant's contention.

There is another reason, however, why the application for an injunction must be refused. The equity jurisdiction of the federal courts is uniform throughout the Union, unaffected by state laws, and the usages of the high court of chancery in England furnish the chancery law, which is recognized by the federal courts in all the states, and under this system, where relief can be given by the English chancery courts, similar relief may be given by the courts of the Union. State of Pennsylvania v. Wheeling & B. Bridge Co., 13 How. 518; Boyle v. Zacharie, 6 Pet. 648; U. S. v. Howland, 4 Wheat. 108. Under the English chancery law referred to, a suit to quiet title could not be maintained, unless the plaintiff was in possession of the land when suit was brought. In California this rule has been changed by local enactment, and now such a suit can be maintained in the state courts, even though the plaintiff is out of possession, and the defendant actually holds adverse possession at the commencement of the suit. Code Civ. Proc. § 738; Hyde v. Redding, 74 Cal. 493, 16 Pac. 380. The supreme court of the United States, construing a statute of the state of Nebraska somewhat similar to the section of the California Code above cited, has held that a suit to quiet title can be maintained in the circuit court of the United States for the district of Nebraska when neither of the parties are in possession of the property, but intimates strongly that the suit cannot be maintained if the defendant is in possession at its commencement. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495. The court says:

"It does not follow that, by allowing in the federal courts a suit for relief under the statute of Nebraska, controversies properly cognizable in a court of law will be drawn into a court of equity. There can be no controversy at law respecting the title or right of possession to real property when neither of the parties is in possession. An action at law, whether in the ancient form of ejectment, or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, nor is it of such cases we are speaking."

I am of the opinion that if, at the final hearing, the defendant should sustain his answer, and show that at the commencement of the suit he was in actual possession of the land in controversy, the bill would have to be dismissed. Such being the case, a temporary injunction ought not to be granted, and the application therefor must be denied.