DAVIDSON et al. v. CALKINS et al.

(Circuit Court, S. D. California. February 6, 1899.)

No. 852.

1. TEMPORARY INJUNCTION—JURISDICTION OF COURT TO DETERMINE CAUSE ON MERITS.

A federal court, which is without jurisdiction to determine the question as to the ownership of property, will not, at the instance of one claimant, issue an injunction to preserve and protect it pendente lite.

2. EQUITABLE JURISDICTION OF FEDERAL COURTS—ENFORCING REMEDY GIVEN BY STATE STATUTE.

Enlarged equitable remedies given by the statutes of a state may be administered by a federal court unless they conflict with the distinction, strictly observed in said courts, between law and equity; but where there is a plain, adequate, and complete remedy at law for the enforcement of the right, a federal court, under Rev. St. § 723, is without jurisdiction of a suit in equity.[1]

3. SAME—ADEQUATE REMEDY AT LAW.

A federal court is without jurisdiction of a suit in equity to determine or quiet the title to real estate of which defendant is in possession, though such a suit is authorized by the statute of the state, as the effect would be to draw into a court of equity a controversy properly cognizable at law.

4. ACTION—LEGAL OR EQUITABLE—CONTROVERSY OVER MINING CLAIM.

A right of action of a claimant to a mining claim, who is out of possession, against another in possession, concerns possessory rights, the title being in the United States; and his remedy is at law.

On Application for Preliminary Injunction.

M. L. Wicks and Albert M. Stephens, for complainants.
Barclay & Camp and Mulford & Pollard, for defendants.

WELLBORN, District Judge. Suit to quiet title to and restrain the defendants from working a mining claim. The present hearing is on an application for a temporary injunction. The bill alleges that the lands in dispute are a part of the public domain of the United States, and that they are mineral lands, and on the 2d day of February, 1894, were open to exploration, location, and purchase; that on said date George E. Bowers, a citizen of the United States, over the age of 21 years, located a mining claim on said lands, and caused notice thereof to be duly recorded, and thereafter, on the 5th day of February, 1898, sold and conveyed said property to complainants for the sum of $3,500; that all the labor which the law requires has been duly performed on said claim; that the defendants, a short while before the commencement of this suit, forcibly ejected complainants from said lands, and took possession thereof, and that defendants still hold possession, and deny complainants' rights under the laws of the United States; that said mining claim has no value whatever except for its mineral-bearing rock, which is worth $25 per ton net, and that defendants are now extracting and removing said rock at the rate of two tons per day, and will continue to do so, unless restrained by the order of this court, and that the defendants are insolvent; that the defendants have filed a pretended location notice on said premises, claiming the right to do so under the laws of the United States, and claiming that said Bowers had forfeited his rights to said premises, and that they (the defendants) are entitled thereto under said laws and by virtue of their said location; that said mining location of the defendants is in conflict with the statutes of the United States, and void. The prayer of the bill is for an injunction pendente lite, for a final decree that complainants are the owners and entitled to the possession of the premises, and for general relief.

[1] For jurisdiction in equity, see note to Barling v. Bank, 1 C. C. A. 514, and also note to O'Connell v. Reed, 5 C. C. A. 595.

The allegations of the bill above referred to in reference to the possession of the property are as follows:

"That on or about the 6th day of October, 1898, the defendants herein, knowing full well that said mining ground had been located as hereinbefore set forth, but disregarding the rights of all parties in interest therein, and in defiance of complainants' rights, and intending to deprive these complainants of their right and title to the said mining ground, did unlawfully and wrongfully enter upon and take the same, and the whole thereof, into the possession of them, the said defendants, ousting and excluding the complainants therefrom, and from the whole thereof; and ever since the said 6th day of October, 1898, the said defendants have withheld the possession of said mining claim, and the whole thereof, from these complainants, and do still withhold the possession thereof from complainants, denying complainants' rights thereto, and to the whole thereof, under the laws of the United States, and refusing to permit the complainants to enter thereon."

One of the grounds on which defendants resist the application for an injunction is that a suit to quiet title cannot be maintained in the federal courts when the defendant is in possession of the property, and that, therefore, an injunction pendente lite will not be granted under such circumstances. If the premise above stated be true, defendants' deduction therefrom logically follows. To me it seems too plain to admit of controversy that an injunction will not be issued at the instance of one of two or more conflicting claimants merely to protect and preserve property for the party who may show himself ultimately entitled thereto, unless the question of ownership can be determined by the court whose conservative jurisdiction is invoked. It is true that, where ejectment is pending in a federal court, the court may, on its equity side, by injunction or otherwise, protect the property until the common-law action is disposed of. Buskirk v. King, 18 C. C. A. 418, 72 Fed. 22. It is also true that ejectment will lie for a mining claim, although paramount title be in the United States. Rev. St. U. S. § 910. No such situation, however, is here presented. The case at bar is not auxiliary to any action pending on the law side of the court, but is an independent suit to quiet title, in which complainants seek a temporary injunction against threatened waste by the defendants, who are in possession of the property. Unless this court can grant the ultimate relief, it will not apply a provisional remedy. That such relief cannot be administered according to the English chancery system is conceded (Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129), but complainants contend that under the Code practice of California an action to quiet title can be maintained in the state courts, even though the defendant holds adverse possession, and that this statutory remedy will be enforced by the federal courts exercising jurisdiction in said state. There seems to be no doubt but that the state practice is as contended for by complainants. Code Civ. Proc. Cal. § 738; Hyde v. Redding, 74 Cal. 493, 16 Pac. 380; Taylor v. Clark, 89 Fed. 7. The other contention of complainants, however, that the remedy thus afforded by local statute will be administered in the federal courts, is not well taken. Gordan v. Jackson, 72 Fed. 86; Gombert v. Lyon, 80 Fed. 305; Taylor v. Clark, supra; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712.

The extract quoted in complainants' brief from Smyth v. Ames, 169 U. S. 516, 18 Sup. Ct. 418, as follows: "It is true that an enlargement of the equitable rights arising from the statutes of the state may be administered by the circuit courts of the United States,"—unquestionably states the law, but it must not be inferred from said statement that the circuit courts of the United States will always administer equitable rights arising from the statutes of a state. On the contrary, such rights will be administered in the federal courts only in so far as they do not conflict with the distinction, strictly observed in said courts, between law and equity. Section 723, Rev. St. U. S., which provides that "suits in equity shall not be sustained in either of the courts of the United States where a plain, adequate, and complete remedy may be had at law," is a limitation upon federal courts in their enforcement of equitable rights arising from local statutes, such as section 738, Code Civ. Proc. Cal. Therefore, while federal courts in California can entertain a bill to quiet title when neither complainant nor defendant is in possession, since, under such circumstances, there is no adequate remedy at law, said courts cannot entertain a bill to quiet title where defendant is in possession, for the reason that in such a case the party dispossessed has his remedy by ejectment. This subject I had occasion to review briefly in Taylor v. Clark, supra, and then said:

"There is another reason, however, why the application for an injunction must be refused. The equity jurisdiction of the federal courts is uniform throughout the Union, unaffected by state laws, and the usages of the high court of chancery in England furnish the chancery law, which is recognized by the federal courts in all the states, and under this system, where relief can be given by the English chancery courts, similar relief may be given by the courts of the Union. Pennsylvania v. Wheeling & B. Bridge Co., 13 How. 518; Boyle v. Zacharie, 6 Pet. 648; U. S. v. Howland, 4 Wheat. 108. Under the English chancery law referred to, a suit to quiet title could not be maintained unless the plaintiff was in possession of the land when suit was brought. In California this rule has been changed by local enactment, and now such a suit can be maintained in the state courts, even though the plaintiff is out of possession, and the defendant actually holds adverse possession at the commencement of the suit. Code Civ. Proc. § 738; Hyde v. Redding, 74 Cal. 493, 16 Pac. 380. The supreme court of the United States, construing a statute of the state of Nebraska somewhat similar to the section of the California Code above cited, has held that a suit to quiet title can be maintained in the circuit court of the United States when neither of the parties are in possession of the property, but intimates strongly that the suit cannot be maintained if the defendant is in possession at its commencement. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495. The court says: 'It does not follow that, by allowing in the federal courts a suit for relief under the statute of Nebraska, controversies cognizable in a court of law will be drawn into a court of equity. There can be no controversy at law respecting the title or right of possession to real property when neither of the parties is in possession. An action at law, whether in the ancient form of ejectment or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, nor is it of such cases we are speaking.' I am of the opinion that if, at the final hearing, the defendant should sustain his answer, and show that at the commencement of the suit he was in actual possession of the land in controversy, the bill would have to be dismissed. Such being the case, a

temporary injunction ought not to be granted, and the application therefor must be denied."

When I wrote the opinion from which this quotation is taken, the case of Whitehead v. Shattuck, supra, cited by the defendants on the present hearing, had not been brought to my attention, and therefore I made no reference to it. Said case, however, I find, upon careful examination, is confirmatory of my own previously expressed views, as quoted above. In that case,—Whitehead v. Shattuck,—which was a suit to quiet title, brought under statutory provisions of the state of Iowa similar to those of California, Justice Field says:

"The Code of Iowa enacts that 'an action to determine and quiet the title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession,' implying that the action may be brought against one in possession of the property. And such has been the construction of the provision by the courts of that state. Lewis v. Soule, 52 Iowa, 11, 2 N. W. 400; Lees v. Wetmore, 58 Iowa, 170, 12 N. W. 238. If that be its meaning, an action like the present can be maintained in the courts of that state, where equitable and legal remedies are enforced by the same system of procedure, and by the same tribunals. It thus enlarges the powers of a court of equity, as exercised in the state courts, but the law of that state cannot control the proceedings in the federal courts, so as to do away with the force of the law of congress declaring that 'suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law,' or the constitutional right of parties in actions at law to a trial by a jury."

After stating the salient points of the opinion in Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, which was also written by him, Justice Field proceeds as follows:

"All that was thus said was applied simply to the case presented where neither party was in possession of the property. No word was expressed intimating that suits of the kind could be maintained in the courts of the United States where the plaintiff had a plain, adequate, and complete remedy at law; and such inference was specially guarded against. Said the court: 'No adequate relief to the owners of real property against the adverse claims of parties not in possession can be given by a court of law. If the holders of such claims do not seek to enforce them, the party in possession, or entitled to possession,—the actual owner of the fee,—is helpless in the matter, unless he can resort to a court of equity. It does not follow that by allowing, in the federal courts, a suit for relief under the statute of Nebraska, controversies properly cognizable in a court of law will be drawn into a court of equity. There can be no controversy at law respecting the title to, or right of possession of, real property, when neither of the parties is in possession. An action at law, whether in the ancient form of ejectment or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, nor is it of such cases we are speaking.' It is thus seen that the very case that is now before us is excepted from the operation of the ruling in Holland v. Challen, or at least was designedly left open for consideration whenever similar relief was sought where the defendant was in possession of the property."

In the same case—Whitehead v. Shattuck—Justice Field disposes of the cases of Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213, and Frost v. Spitley, supra, which are authorities relied on by complainants in the case at bar, as follows:

"Nor can the case of Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213, be deemed to sustain the plaintiff's contention. It was there only held that the legislation of the state may be looked to in order to ascertain what constitutes a cloud upon a title, and that such cloud could be removed by a court of the United States sitting in equity in a suit between proper parties. The question did not arise as to whether the plaintiff had a plain, adequate, and complete remedy at law, but whether a suit to remove the cloud mentioned would lie in a federal court. Nothing was intended at variance with the law of congress excluding the jurisdiction of a court of equity where there is such a full remedy at law, or in conflict with the constitutional guaranty of the right of either party to a trial by jury in such cases. In Frost v. Spitley, 121 U. S. 552, 557, 7 Sup. Ct. 1129, subsequently decided, the court referred to Holland v. Challen as authorizing a bill in equity to 'quiet title in the circuit court of the United States for the district of Nebraska by a person not in possession, 'if the controversy is one in which a court of equity alone can afford the relief prayed for,' recognizing that the decision in that case went only to that extent."

In Scott v. Neely, supra, the supreme court of the United States, Justice Field writing the opinion, again refers to Holland v. Challen thus:

"In the second case [Holland v. Challen] the suit was brought to quiet the title of the plaintiff to certain real property in Nebraska against the claim of the defendant to an adverse estate in the premises. It was founded upon a statute of that state which provided: 'That an action may be brought and prosecuted to final decree, judgment or order by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons who claim an adverse estate or interest therein, for the purpose of determining such estate or interest and quieting the title to such real estate.' In that suit neither party was in possession, and the jurisdiction was maintained in equity, as no remedy in such case could be afforded in an action at law. As we there said, speaking of unoccupied lands: 'It is a matter of every-day observation that many lots of land in our cities remain unimproved because of conflicting claims to them. The rightful owner of a parcel in this condition hesitates to place valuable improvements upon it, and others are unwilling to purchase it, much less to erect buildings upon it, with the certainty of litigation, and possible loss of the whole. And what is true of lots in cities, the ownership of which is in dispute, is equally true of large tracts of land in the country. The property in this case, to quiet the title to which the present suit is brought, is described in the bill as unoccupied, wild, and uncultivated land. Few persons would be willing to take possession of such land, inclose, cultivate, and improve it, in the face of a disputed claim to its ownership. The cost of such improvements would probably exceed the value of the property. An action for ejectment for it would not lie, as it has no occupant; and if, as contended by the defendant, no relief can be had in equity because the party claiming ownership is not in possession, the land must continue in its unimproved condition. It is manifestly for the interest of the community that conflicting claims to property thus situated should be settled, so that it may be subjected to use and improvement. To meet cases of this character, statutes, like the one of Nebraska, have been passed by several states, and they accomplish a most useful purpose. And there is no good reason why the right to relief against an admitted obstruction to the cultivation, use, and improvement of lands thus situated in the states should not be enforced by the federal courts, when the controversy to which it may give rise is between citizens of different states.' It was objected in that case that, if the suit was allowed under the statute in the federal courts, controversies properly cognizable in a court of law would be drawn into a court of equity; but the court said: 'There can be no controversy at law respecting the title to, or right of possession of, real property, when neither of the parties is in possession. An action at law, whether in the ancient form of ejectment or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal

court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law.' There is nothing in that decision that gives sanction to the enforcement in the federal courts of any rights created by state law which impair the separation there required between actions for legal demands and suits for equitable relief. In the subsequent case of Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, Holland v. Challen was referred to and explained, and it was said that a suit in equity for real property against a party in possession would not be sustained, because there would be a plain, adequate, and complete remedy at law for the plaintiff, and that it was only intended to uphold the statute so far as suits in the federal courts were concerned, in authorizing such suits against persons not in possession. It follows from the views expressed that the court below could not take jurisdiction of this suit, in which a claim properly cognizable only at law is united in the same pleadings with a claim for equitable relief."

From the foregoing quotations it will be seen that the supreme court of the United States has repeatedly and in unmistakable terms declared that the federal courts will not enforce any rights created by state law, which, in the language of the opinion in Scott v. Neely, supra, "impair the separation there required between actions for legal demands and suits for equitable relief."

All of the authorities relied on by complainant, to some of which I have adverted, are in harmony with the distinction already stated by me that federal courts, under local statutes similar to section 738 of the Code of Civil Procedure of California, will entertain suits to quiet title where neither complainants nor defendants are in possession, but will not entertain such suits where the defendants are in possession. Thus, in Dick v. Foraker, 155 U. S. 413, 15 Sup. Ct. 129, the court says:

"The law of Arkansas authorizes a bill to remove a cloud on a title whether or not the complainant be in possession. Acts Ark. 1891, p. 132. By reason of this statute, a bill in equity may be maintained in the circuit court of the United States by a person out of possession against another person who is also out of possession. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495."

In Bardon v. Improvement Co., 157 U. S. 328, 15 Sup. Ct. 650, where complainant was in possession of the land, the court obviously had in mind and approved the distinction above stated, as appears from the first paragraph of the opinion, which is as follows:

"We remarked in Gormley v. Clark, 134 U. S. 338, 10 Sup. Ct. 554, that while the rule was settled that remedies in the courts of the United States at common law or in equity, according to the essential character of the case, are uncontrolled in that particular by the practice of the state courts, yet an enlargement of equitable rights by state statutes may be administered by the circuit courts of the United States as well as by the courts of the state; and when the case is one of a remedial proceeding, essentially of an equitable character, there can be no objection to the exercise of the jurisdiction."

In Harding v. Guice, 25 C. C. A. 352, 80 Fed. 162, the defendant was not in possession, and therefore the suit was properly brought. In that case, the court, referring to Holland v. Challen, Whitehead v. Shattuck, and other cases, says: "But these cases all turned upon the crucial question: Is this a suit cognizable in equity, or has complainant a plain, adequate, and complete remedy at law?" This "crucial question," more specifically stated, is, as I have already shown, whether or not defendant is in possession. If he is not, there

is no adequate remedy at law, and a suit in equity will lie. If the defendant is in possession, ejectment is appropriate, and the interposition of a court of equity forbidden.

In Rich v. Braxton, 158 U. S. 378, 15 Sup. Ct. 1017, the equity jurisdiction of the court was sustained on the ground that the bill was brought to set aside certain tax deeds, under which defendants claimed title to lands in West Virginia, as inoperative, fraudulent, and void, and as clouds upon plaintiff's title. As stated in the opinion of the court, the principal ground upon which the contrary view was rested was that the invalidity of each of said deeds was apparent on its face, with reference to which the court said:

"In the case before us, it cannot be said that the invalidity of the deeds which the plaintiffs seek to have canceled appears on their face. It is not clear that their invalidity can be placed beyond question or doubt without evidence dehors those deeds."

The question whether or not a bill to quiet title could be maintained where the defendant was in possession of the property in dispute was not discussed by the court; and the opinion evidently assumes that the plaintiff was in possession, as shown by the last clause of the following extract therefrom:

"Upon the question of the jurisdiction of a court of equity to give the relief sought by the bill, but little need to be said. In Simpson v. Edmiston, 23 W. Va. 675, 678, the court said that it had been repeatedly held that a court of equity has jurisdiction to set aside an illegal tax deed; citing Forqueran v. Donnally, 7 W. Va. 114, Jones v. Dils, 18 W. Va. 759, and Orr v. Wiley, 19 W. Va. 150. And in Danser v. Johnsons, 25 W. Va. 380, 387, 'It is fully settled in this state that a court of equity has jurisdiction to set aside a void tax deed.' These authorities make it clear that, if this case had remained in the state court, no objection could have been made to the form of the suit. But as the jurisdiction of the courts of the United States sitting in equity cannot be controlled by the laws of the states or the decisions of the state courts (except that the courts of the United States sitting in equity may enforce new rights of an equitable nature created by such laws,— Clark v. Smith, 13 Pet. 195; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495), it is proper to say that, according to settled principles, the plaintiffs were entitled to invoke the aid of a court of equity."

The case of Coal Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, does not reverse nor affect the ruling in Whitehead v. Shattuck, supra, approved in Scott v. Neely, supra. The bill in Coal Co. v. Doran, supra, was filed to establish a deed to the property in controversy, alleged to have been executed, but unrecorded and lost; to obtain the construction of another deed of the same land, and the correction of a mistake therein; to set aside certain other deeds, alleged to be clouds upon complainant's title; and to restore complainant to, and quiet him in the possession of, the property, and to enjoin and restrain a commission of waste by the defendant. Near the end of the opinion occur the following paragraphs:

"It is argued at length that a court of equity had no jurisdiction in this case. The bill alleged that complainant was 'seised in fee of the said tract of two hundred acres, more or less'; and that this is a sufficient allegation of possession of the land has been determined by this court. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406.

"As heretofore stated, such possession as the land was susceptible of had been taken by Witten, and maintained by himself and his grantees down

to the time, after October, 1884, when appellant entered upon a part of complainant's land in the commission of a trespass, and commenced committing acts of waste upon the property. It cannot be held that this trespass on appellant's part constituted a possession which in itself would drive complainant to an action of ejectment."

The decision in that case proceeded upon the theory that plaintiff was in possession of the land, and all that can be fairly implied from the latter of the above-quoted paragraphs is that the trespasses shown did not oust plaintiff's possession. In the case at bar, complainants could not, of course, have any standing in this court, if they were in possession of the property, because, in that event, there would be nothing for this court to try, as the paramount title is in the United States, and the government has provided a special method of determining to which of two or more conflicting claimants for mineral lands patents shall issue. This method is succinctly stated by the supreme court of the United States as follows:

"Section 2325 of the Revised Statutes points out how patents for mineral lands may be obtained. Application is filed in the proper land office, as therein prescribed, and notice of such application published, and, if no adverse claim is filed at the expiration of sixty days of publication, it is assumed that the applicant is entitled to a patent, and that no adverse claim exists. Section 2326 provides as follows: 'Where an adverse claim is filed during the period of publication, it shall be upon oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except the publication of notice and making and. filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim.' It is then provided that after judgment the party shall file a certified copy of the judgment roll with the register of the land office, together with the certificate of the surveyor general as to the requisite amount of labor and improvements, and that the whole proceedings and the judgment roll shall be certified by the register to the commissioner of the general land office, whereupon a patent shall issue for the claim. Thus the determination of the right of possession as between the parties is referred to a court of competent jurisdiction, in aid of the land office, but the form of action is not provided for by the statute, and, apparently, an action at law or a suit in equity would lie, as either might be appropriate under the peculiar circumstances,—an action to recover possession when plaintiff is out of possession, and a suit to quiet title when he is in possession." Perego v. Dodge, 163 U. S. 160, 16 Sup. Ct. 971.

Again, the same authority has said:

"Generally speaking, while the legal title remains in the United States the grant is in process of administration, and the land is subject to the jurisdiction of the land department of the government. * * *" Lumber Co. v. Rust, 168 U. S. 592, 18 Sup. Ct. 209.

On the same subject, the supreme court of California says:

"In the briefs of appellant and respondent this is called 'an action to quiet title.' It is a suit under section 738 of the Code of Civil Procedure, and the complaint is to be treated as a bill in equity. The general verdict of the jury, therefore, is to be disregarded. If this were the only question to be considered, the cause would be remanded to the court below to find the facts. But the case made by plaintiff simply shows that he is in possession. As against a mere trespasser, one in possession of a portion of the public land

will be presumed to be the owner, notwithstanding the circumstance that the court has judicial notice that he is not the owner, but that the government is. This rule has been maintained from motives of public policy, and to secure the quiet enjoyment of possessions which are intrusions upon the United States alone. But it would be carrying a presumption against the fact to an absurdity to say that one in possession, who has not acquired the fee from the government,—the true owner,—is entitled to a decree, the practical effect of which is to prohibit a third person from obtaining title by purchase, or by appropriate proceedings under statutes of the United States. The respective claims of conflicting claimants may be asserted in the appropriate tribunals established by the government for that purpose. A decree here in favor of plaintiff would have no effect by way of inducement to the officers of the land department of the United States to issue the patent to plaintiff; and, if we had the power, it would be an illy-advised employment of equity jurisdiction to prevent the defendant from proceeding with his application, or, worse still, to decide in advance that he had no right on which to base his application." Brandt v. Wheaton, 52 Cal. 433.

In the case at bar the real controversy between the parties manifestly concerns possessory rights, and therefore complainants' remedy, whatever it may be, must rest upon the theory that defendants are wrongfully in possession, and on this theory complainants' remedy is an action at law, not a bill in equity. In addition to the cases already cited, see Lacassagne v. Chapuis, 144 U. S. 119, 12 Sup. Ct. 659.

For the reasons and upon the authorities above indicated and cited, I am of opinion that the bill now before me does not state a case for equitable relief.

Numerous other questions have been discussed by the parties in their respective briefs, but the conclusion just announced makes it unnecessary for me to pass upon any of them now. Injunction refused, and restraining order vacated.

### (February 14, 1899.)

Since the filing of my opinion herein, February 6, 1899, another case—the one cited below—has been brought to my attention, which is directly in point, and supports the conclusions reached by me in said opinion. The decision was rendered by Judge McKenna, then on the circuit bench, now justice of the supreme court, and holds, quoting from the syllabus, as follows:

"In federal courts sitting in states where the local statutes have dispensed with possession by complainant as a prerequisite to maintaining the suit, a bill in equity to quiet title to land is demurrable which fails to allege affirmatively either that plaintiff is in possession, or that both complainant and defendant are out of possession." Railroad Co. v. Goodrich, 57 Fed. 879.